STATE OF MISSOURI, Respondent, v. DAVID BERLIN, Appellant.

1. *Practice, Criminal—St. Louis Court of Criminal Correction—Indictment—Information.*—Under the act creating it (Sess. Acts 1868, p. 269), the St. Louis Court of Criminal Correction could properly proceed upon information against persons charged with any of the offenses named in section 8, chapter 206, Gen. Stat. 1865, when committed within its proper jurisdiction. By that section such offenses are in terms made misdemeanors, and are therefore subject to an information, notwithstanding the provisions of section 24, article 1, of the Constitution of Missouri. Misdemeanors were not intended to be embraced in the words "indictable offenses," as used in that section, but only felonies.

2. *Witnesses—Husband and Wife—Information.*—The rule of law which would prohibit the wife from testifying in a criminal trial either for or against her husband will also make her incompetent to make and swear to a complaint against him in the St. Louis Court of Criminal Correction.

State of Missouri v. Berlin.

*Appeal from St. Louis Court of Criminal Correction.*

*Cline, Jamison & Day,* and *Patrick,* for appellant.

I. The statute requires the complaint to be sworn to by a competent witness. (Sess. Acts 1868, p. 269, § 20.) This complaint was made and sworn to by Ann Berlin, wife of David Berlin, the accused, who was an incompetent witness to testify against her husband in this prosecution against him for adultery or lewdly and lasciviously abiding, etc. ; and hence incompetent, under the requirements of the law, to make oath to the information lodged against the accused. It is true the statute does not say, in so many words, that the party by whom the affidavit is made should be such a person as would be a competent witness in the cause ; but the well-known and settled rule of law is that the lawful wife of a man is in no case competent to testify against him, or to make affidavits in any legal proceeding adverse to him, unless she be the immediate and direct object of the crime of misdemeanor complained of, and in cases of high treason. This doctrine is fully recognized in our Supreme Court in the case of Hannah Coleman v. The State, 14 Mo. 157. (Roscoe on Crim. Ev. 112–14 ; Commonwealth v. Easland, 1 Mass. 15 ; State v. Anthony, 1 McCord, 285 ; Rex v. Sergeant, 21 Eng. Com. Law R. 453.) The courts place the inadmissibility of the husband or wife to testify against each other on the broad ground of public policy, as well as that of identity of interest in most cases. The relation of marriage has long since been held too sacred to permit either party to appear in any legal proceeding against the other, except in a few excepted cases. And we know of no distinction between a wife going into court and swearing to a complaint against her husband, and getting on the stand as a witness to establish the charge before a jury. Both proceedings are alike prohibited by the policy of the law. In actions for adultery, bigamy, and the like, the wife is incompetent to testify on the grounds as above. (1 Greenl. Ev. § 339 ; 2 Stark. Ev. 400.) It has also been held that the wife is not competent to testify against the husband by his consent. (1 Greenl. Ev. 340 ; Sedg-

37—VOL. XLII.

wick v. Watkins, 1 Ves. 49.) The same doctrine has been held in this country. (1 Wheeler's Crim. Cas. 479.) This doctrine has even been carried to the extent of excluding the husband and wife from being witnesses in cases where they were not parties, but for whose immediate benefit the suit was prosecuted. (1 Greenl. 341; 1 Pierre Williams, 610–11.)

II. The accused has been convicted of an infamous crime, and deprived of his liberty without the interposition of a grand jury, and in contravention of the Constitution of the United States and that of the State of Missouri. (Amend. Const. U. S., art. 5, 6; Const. Mo., art. 1, §§ 18, 24.) The twenty-fourth section of the first article of our constitution declares that: "No person can, for an indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger, or by leave of court, for oppression or misdemeanor in office." The crime of which the accused was found guilty was, at the time of the adoption of our constitution, an indictable offense, and could alone be proceeded against in that manner, and has always been considered by civilized nations an infamous crime, punished by the severest and most degrading penalties, and could alone be proceeded against by indictment at the time of adopting the constitution of Missouri, as was always the case from the earliest organization of this State. Now, does the constitution mean that those criminal prosecutions that the legislature may see fit to direct to be had by indictment after its adoption shall be proceeded in in that manner, while all such as it may direct to be had on information only may be prosecuted to conviction without the intervention of a grand jury? If so, then the legislature could direct every crime known to the criminal calendar to be so prosecuted; and it would be no violation of the constitution, because it would cease to be an indictable offense as soon as the legislature should direct otherwise. This provision in the constitution concerning indictment by a grand jury cannot be trifled with in that manner. It was intended as a bulwark of liberty to protect the people against all change and encroachments on their sacred rights and privileges, and to guard them, by the

intervention of a grand jury, against oppressive and malicious prosecutions instituted by a vindictive and influential oppressor. Hence the proceedings in this cause are all unlawful, and his trial and conviction on information are in open violation of the constitution. (2 Story Const. 1781–90; 2 Coke's Inst. 51–2; 2 Kent, 10–13; 1 Blackst. Com. App. 304–5; Hoke v. Henderson, 4 Dev., N. C., 15; 10 Yerg. 71.)

*Colcord* and *Mauro*, for respondent.

I. The law does not require the information to be sworn to by "a competent witness." The law provides that an information may be filed by the prosecuting or assistant prosecuting attorney, "or by any other person." * *. * "If filed by any other person, he shall swear to the same," etc. The complaint in this case is filed by another person and is duly sworn to. (Adj. Sess. Acts 1868, p. 269, § 20.)

II. Ann Berlin is a competent witness. Certainly the record fails to establish the contrary; and this, in the absence of proof, is the presumption of the law.

III. The offense charged is not an indictable offense.

IV. The verdict is sufficient to support the judgment. The second count is the only one which charges a lewd and lascivious cohabiting, etc. The verdict pronounces the party guilty as there charged; that is, at the time, place, and with the person alleged. It is a complete bar to any further prosecution.

V. The case is fully made out, and the record shows no cause why the judgment should be reversed. (State v. McDonald, 25 Mo. 176.)

FAGG, Judge, delivered the opinion of the court.

The appellant was proceeded against, in the St. Louis Court of Criminal Correction, upon information made by his wife, Ann Berlin. The complaint sets out specifically the following charges: 1. Open and notorious adultery. 2. Lewdly and lasciviously abiding and cohabiting with one Mary Jarrett. 3. Open, gross

lewdness and lascivious behavior. 4. An open and notorious act of public indecency, grossly scandalous.

The defendant was tried and convicted, and his punishment assessed at a fine of $300 and imprisonment in the county jail for a period of thirty days. The proceeding was evidently instituted under the provisions of section 8, chap. 206, Gen. Stat. 1865, and the complaint charges in separate counts all the offenses embraced in that section. The question raised by the counsel for the appellant as to the power of the legislature to authorize such a proceeding may be briefly disposed of. The statute, in terms, makes all the offenses charged in the complaint misdemeanors. The act creating the Court of Criminal Correction for St. Louis County makes all such offenses cognizable before that tribunal, when committed within its proper jurisdiction, and authorizes proceedings to be instituted by complaint instead of indictment. The authority of the legislature to confer such a power upon that court was fully considered in a case determined by this court at its March term, 1867. (State v. Ebert, 40 Mo. 186.) The point was distinctly made in that case, as it is here, that the act establishing the Court of Criminal Correction was in direct conflict with the provisions of section 24, article 1, of the Constitution of the State. The court then held that mere misdemeanors were not intended to be embraced by the words "indictable offenses," as used in that section, but only felonies. The reasons for that conclusion need not be repeated in the present case. There is another question, however, raised by the motion in arrest of judgment, which we think is decisive of this whole case, and we proceed to consider it without reference to any others that are presented by the transcript. The complaint was made and sworn to by the wife of the defendant. The question here is, whether the rule of law which would have prohibited her from testifying on the trial, either for or against her husband, will also make her incompetent to initiate such a proceeding as this. In the amended act creating the St. Louis Court of Criminal Correction (Adj. Sess. Acts '68, p. 269), it is provided by section 20 that if the complaint is made by the prosecuting attorney or his assistant, it need not be under oath, and the party complained of is then notified by summons to

appear and answer. If, however, it is made, in the language of the act, "by any other person," it must be sworn to, and thereupon a warrant is issued and the offender apprehended and held in custody or recognized to appear on the day of trial. In the very nature of the case, the words "any other person" can only mean such person as would be (under the general rules of law) competent to testify. It is true she is not introduced as a witness at the trial, but it is at her instance and upon her sworn statements of offenses committed by the husband that the process is issued and he is subjected to a criminal prosecution. The law excludes her from testifying in such a case, upon principles of public policy. "For," Mr. Greenleaf says, "it is essential to the happiness of social life that the confidence subsisting between husband and wife should be sacredly protected and cherished in its most unlimited extent; and to break down or impair the great principles which protect the sanctities of that relation would be to destroy the best solace of human existence." The exceptions to this rule are few in number, and are only allowed for the "sake of public justice," or "for the protection of the wife in her life and liberty." Certainly the reasons of the rule, as above stated, are broad enough to cover every imaginable proceeding against the husband not embraced in these exceptions. It will not be pretended that there is any thing in the case at bar that brings it within either class of excepted cases. To admit the practice of permitting either wives or husbands to institute such proceedings against each other would be establishing a precedent most dangerous to the best interests of society, and one which would go very far to break down this barrier so wisely interposed by the law for the protection of the sacred relation of marriage. The complaint not having been made by a person competent under the statute, the proceedings against the defendant were wholly unauthorized, and must fall to the ground.

The other judges concurring, the judgment of the lower court will be reversed and the cause remanded.