THE MAYOR, COUNCILMEN AND CITIZENS OF THE CITY OF BOON-
VILLE, Plaintiffs in Error, *v.* WILLIAM H. TRIGG, Defendant
in Error.

1. *Constitution—City of Boonville—Amendment of act of incorporation, con-
stitutional.*—That part of section 1 of the act approved February 8, 1839
(Sess. Acts 1838-9, p. 294), incorporating the city of Boonville, which related
to its boundaries, was amended by the act of 1868 (Sess. Acts 1868, p. 191),
and everything relating to this subject was re-enacted in the amended law, as
a substitute for the old one. *Held,* that the act of 1868 was not invalid as
being repugnant to section 25, article 4, of the State Constitution, because the
whole of section 1 of the act of 1839, as amended, was not embodied and
inserted in the amendment.

### Error to First District Court.

*D. B. McMillan*, for plaintiffs in error.

I. The act of the general assembly entitled "an act amend-
atory of an act to incorporate the city of Boonville," approved
March 23, 1868, is not in conflict with section 25 of article 4 of
the constitution of the State of Missouri. (See Constitution.)
This section does not require that the act or part of act amended
shall be set forth and published as it stood before, but that the
act or part of act amended shall be set forth and published as
amended. (Cooley on Const. Limit. 151 ; People v. Mahaney,
13 Mich. 481.)

II. The said act of 1868 amends all that part of the act of
1839 relating to the bounds and limits of the city of Boonville,
and the part so amended is set forth and published in full.

*Adams*, and *Draffen & Muir*, for defendant in error.

The attempted amendment of 1868 is in direct conflict with
section 25, article 4, Const. Mo. (Gen. Stat. 1865, p. 31.)
The amendment strikes out the words constituting the old bounds
of the city, and inserts the words constituting the new bounds,
without re-enacting the section thus amended as " if it were an
original act or provision." This can not be done. The section
of the constitution referred to is mandatory, and not merely
directory. The object of this provision was to force the Legis-

lature to so enact amendments that the courts and all others might see at a glance, and without reference to the old law, the new law or amendment in all its bearings. In the present case this can not be done. (People v. Mahaney, 13 Mich. 497; Walker v. Caldwell, 4 La. Ann. 297; Heirs of Duverge v. Salter, 5 La. Ann. 94; Langdon v. Applegate, 5 Ind. 327; Rogers v. State, 6 Ind. 31; 41 Mo. 39; 42 Mo. 590.)

WAGNER, Judge, delivered the opinion of the court.

The only question presented for our consideration in this case involves the constitutionality of the act approved March 23, 1868, amending the charter of the city of Boonville. The city of Boonville was incorporated by an act of the Legislature, approved February 8, 1839, and the first section of the act defined the boundaries of the city, designated its name and style, and conferred upon it certain powers.

By section 1 of the act of 1868 the original act was amended so far as limits and boundaries were concerned. The whole section is not re-enacted or amended, but only so much as relates to boundaries. Everything which is included in the subject of the amendment, however, is given and re-enacted entire as a substitute for the old law. It is contended that because the whole section, as amended, is not embodied and inserted in the amendment, the act is invalid and repugnant to the twenty-fifth section of the fourth article of the constitution of this State. That section provides that "no act shall be revived or re-enacted by mere reference to the title thereof; nor shall any act be amended by providing that designated words thereof shall be struck out, or that designated words shall be struck out and others inserted in lieu thereof; but in every such case the act revived or re-enacted, or the act or part of act amended, shall be set forth and published at length, as if it were an original act or provision."

In this section it will be perceived that different provisions are made. Where an entire act is revived or re-enacted it must be set forth and published in whole. Where a whole act is amended the same course must be pursued; but where a part of an act is amended, the amendatory part only need be set out and published.

19—VOL. XLVI.

Every person who is familiar with our past legislative history well understands the reasons which induced the insertion of this constitutional provision. Amendments were made in such a manner as to involve the law to which they pertained in inextricable confusion. Amendatory acts were passed which required only the insertion of certain words, or the substitution of one phrase for another, in sections which were only referred to by their titles, but not published. After the amendments were so framed and clothed in doubt, obscurity and uncertainty, it was almost impossible to arrive at the real and actual intention. It was to obviate these difficulties that the requirement was made that every amendment, either to a whole act or a part of an act, should be set forth and published. Whether the peculiar phraseology of the constitution accomplishes all that was intended is doubtful.

The counsel for the defendant in error have cited cases from Louisiana and Indiana to sustain their position, and contend that according to these adjudications, when an act is revised or section amended, they must be set forth and published at full length in the amendatory or revising act. But the constitutional provision on which these decisions were based differs essentially from ours. The 119th article of the constitution of Louisiana reads as follows: "No law shall be revised or amended by reference to its title, but in such case the act revised or section amended shall be re-enacted and published at length." The twenty-first section of the fourth article of the constitution of Indiana was copied almost literally from the Louisiana constitution. It provides that "no act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length."

The constitution in these States expressly declares that where a section is amended it shall be re-enacted and published at full length. But our constitution only requires the act or part of act amended to be set forth and published. That was done in this case. There was no striking out, or inserting words in lieu thereof, but there was an amendment of part of the act, and the amendment was set forth and published entire. The constitution was strictly complied with.

It is greatly to be regretted that our constitution did not adopt the same terms and language that we find used in the States above alluded to. Then the whole matter would always be found in the amended section, and there would be no necessity of hunting through different books and in separate enactments to find what the law was. The Legislature, since the existence of the present constitution, has generally set forth and published at full length a section where it was re-enacted and amended, and wisdom and convenience dictate that that policy should be pursued. But we must construe the law as we find it, and the judgment of the court below holding the act unconstitutional must be reversed. Judge Currier concurs; Judge Bliss absent.