THE STATE v. CHAMBERS, *Appellant.*

1. **Justice's Docket, &c.**: EVIDENCE. The identity of the docket and official papers of a justice of the peace may be established by the testimony of any competent witness. It is not necessary to call the justice.

2. **Constitutional Law**: AMENDMENT OF STATUTES. Section 34 of article 4 of the constitution of 1875, does not require that when some of the sections of an act are to be amended, the entire act shall be set forth in the amendatory act, but only that those sections as amended shall be set forth in full.

   The act of April 17th, 1877, amending the statute of 1865, in relation to the concurrent jurisdiction of circuit courts and justices of the peace in misdemeanor cases, conforms to this requirement. (Acts 1877, p. 281.)

3. —————: SUBJECT OF ACT: TITLE OF ACT. The above act of 1877 is not obnoxious to section 28 of article 4 of the constitution. It contains but one subject, and that is clearly expressed in the title.

4. **Justice's Docket Entries**: EVIDENCE. The statute authorizing a certified transcript of justices' judgments to be received in evidence does not provide the only method of proving such judgments. The original entry on the justice's docket may be used.

40—70

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*W. C. Price* for appellant.

*J. L. Smith*, Attorney-General, for the State.

NORTON, J.—Defendant, on the 16th day of October, 1877, was arrested and brought before E. L. Dalrymple, a justice of the peace of Greene county, on a charge of petit larceny, and on his plea of guilty was fined $10. At the November term, 1878, of the Greene county circuit court, defendant was indicted for the second offense of petit larceny, upon which he was tried and convicted, and his punishment assessed to three years imprisonment in the penitentiary. Motions for new trial and in arrest of judgment having been overruled, he appeals to this court.

It appearing on the trial that the justice of the peace before whom defendant was first convicted, was temporarily absent from the State, evidence was offered by the State identifying a certain book then in court, as being the docket of said justice, and also identifying the complaint filed before said justice and the warrant issued thereon for the arrest of defendant. This evidence, as well as the docket, complaint and warrant so identified, was received by the court against defendant's objection. It is insisted that said evidence ought not to have been received, first, because the docket of the justice could only be identified by the justice himself; second, because the act of 1877 conferring jurisdiction on the justice to try the case was unconstitutional, and third, that as the statute authorized a certified transcript of a justice's docket to be read as evidence, the original could not be so used.

As to the first point, while it may be conceded that the evidence of the justice as to the fact of the book

1. JUSTICE'S DOCK-ET, &C.: evidence. then in court being his docket, would, perhaps, have been more satisfactory than that of the constable who was an officer of his court and had his office in the same room with the justice, we can perceive no reason why the fact might not be established by such officer if he had actual knowledge of it. *Hamilton v. Wright,* 4 Hawks (N. C.) 283; *Sanborn v. School District,* 12 Minn. 17.

It is contended that the act of 1877, (Acts 1877, 281,) under the authority of which the justice tried the defendant, is violative of section 34, article 4 of the constitution. A similar section in the constitution of 1865 was construed in the case of *Mayor, &c., v. Trigg,* 46 Mo. 288, to mean that when a whole act is amended it must be set forth and published in full, but that when a part of an act is amended the amendatory part need only be fully set out. The act of 1877, *supra,* is in strict compliance with this construction. The title of said act is as follows: "An act to amend sections 1, 3 and 11 of chapter 186 of the general statutes of Missouri, 1865, and to repeal section 2 of said chapter, being an act to give concurrent jurisdiction to circuit courts and justices of the peace in all cases of misdemeanors."

It provides as follows: "Section 1. Section 1 of chapter 186 of the general statutes of Missouri is hereby amended to read as follows; Section 1. Hereafter circuit courts and justices of the peace shall have concurrent jurisdiction in all cases of misdemeanors, except in cities having courts of exclusive criminal jurisdiction. Section 2. Section 2 of said chapter 186 of the general statutes of Missouri, is hereby repealed. Section 3. Section 3 of said chapter 186 of the general statutes of Missouri, 1865, is hereby amended by striking out the words "assault, battery, affray, or other breach of the peace," in the third and fourth lines of said section, and inserting in lieu thereof the words "a misdemeanor," so that said section when so amended shall read as follows: Section 3. When a com-

plaint shall be made to a justice of the peace on the oath or affirmation of any person competent to testify against the accused that a misdemeanor has been, or is about to be committed, the justice shall forthwith issue a warrant for the arrest of the offender, which warrant shall be executed by the sheriff of the county, or constable of the township, or by some competent person specially deputed by the justice for the purpose. Section 4. Section 11 of said chapter 186, is hereby amended to read as follows: Section 11. Every person who shall be convicted under the provisions of this chapter shall be punished as follows: First, in cases of an assault, battery or affray, by a fine which shall not be less than $1, nor more than $100, according to the nature of the offense. Second, in all other cases of misdemeanor, as now provided by law."

It will be observed that said sections 1, 3 and 11, as amended, are fully set out in the act. Section 3 of said act furnishes an illustration of what was intended to be forbidden by section 34, article 4 of the constitution. If said section had only contained the words "Section 3 of said chapter 186 is hereby amended by striking out the words 'assault, battery, affray or other breach of the peace' in the third and fourth lines of said section, and inserting in lieu thereof the words 'a misdemeanor,'" the amendment would have been in clear violation of said constitutional provision. The object of the prohibition from making amendments in such a way was to prevent the laws from becoming involved in the confusion which would necessarily result from such legislation; and to prevent the inconvenience it would occasion of hunting through various books to find the act amended and then apply to it the amendatory act to ascertain what the law as amended was. To prevent this it requires the entire act, when the amendment relates to the entire act, to be set out in full, or when the amendment relates only to certain sections of an act to be amended, that only the sections as amended should be fully set out. The amendments made by the act of 1877

relate only to sections of another act, and the sections as amended being fully set in the amendatory act, the constitutional requirement is met and answered.

It is also contended that the said act of 1877 is obnoxious to section 28, article 4 of the constitution because

*3. ———: subject of act: title of act.* it "contains more than one subject" which is not "clearly expressed in its title." This, we think, is a misconception. The title of the act embraces but one subject and is declaratory of but one object, which is clearly expressed therein, and that is, that it is an act to give concurrent jurisdiction to circuit courts and justices of the peace in all cases of misdemeanors. This object is proposed to be accomplished by amending certain sections of chapter 186, and by repealing one other section thereof. The repeal of the section repealed and the amendment of those amended, was necessary to accomplish the object embraced in the title. *City v. Tiefel,* 42 Mo. 576.

We see no force in the third point made by defendant's counsel that because the statute provides that a certified

*4. JUSTICE'S DOCKET ENTRIES: evidence.* transcript of a judgment may be received in evidence, therefore the original docket of which the certified transcript is but an exemplification, cannot likewise be received. Judgment affirmed, in which all concur.