THE STATE v. PENNINGTON, *Appellant.*

### Division Two, November 5, 1894.

1. **Criminal Law**: ASSAULT WITH INTENT TO KILL: EVIDENCE. Evidence examined and *held* to support a verdict against defendant for an assault with intent to kill his wife.

2. **Criminal Practice**: ASSAULT WITH INTENT TO KILL: EVIDENCE: HUSBAND AND WIFE. Defendant's wife was a competent witness as to the injury threatened and attempted to her person by him.

3. ———: EVIDENCE: FORMER INDICTMENT. It is not reversible error to permit a former indictment for the same offense to be read to the jury, especially when the evidence of guilt is clear, abundant and uncontradicted.

4. ———: ———: JUDICIAL DISCRETION. It is within the discretion of the court to permit a witness to testify after the case is closed.

5. ———: VENUE OF OFFENSE: JUDICIAL NOTICE. The supreme court will take judicial notice that a designated county is one of the counties of this state, and of the boundaries of such county.

6. ———: ———: ———. It will also take judicial notice of the boundaries of this state and that a named town is in one of the counties of the state.

7. ———: ———: ———. Where the venue is laid and proved in the county in which the trial was had, the venue of the state follows as a natural sequence, since it will be presumed that the jury know the state in which they live.

8. ———: EVIDENCE: DIFFERENT ASSAULT: INTENT. On the trial of an assault with intent to kill, evidence of a subsequent or former assault made by the defendant on the same person is admissible to show intent.

*Appeal from Moniteau Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*Edmund Burke* for appellant.

(1) The court erred in the matter of giving instructions. (2) The wife of defendant was an incompetent

witness. *State v. Arnold*, 55 Mo. 89; *State v. Willis*, 119 Mo. 185. (3) The court erred in permitting proof of a different assault than the one on trial. (4) The court erred in permitting proof of the former indictment. (5) The second instruction asked upon the part of the appellant was also unexceptionable, should have been given, and its refusal was a ground of error. *State v. Vansant*, 80 Mo. 72. (6) The fifth instruction asked by the appellant is the law, and should have been given, and its refusal constituted such error as entitles the appellant to a reversal of the judgment. *State v. Palmer*, 88 Mo. 568. (7) The sixth instruction on the part of the appellant should also have been given, and its refusal is error. *State v. McClure*, 25 Mo. 340. (8) The seventh instruction asked in behalf of the defendant should also have been given, and its refusal was error, and is not remedied by the seventh instruction given by the court; the latter declares that the jury may disregard the whole of such witnesses' testimony. The seventh instruction in behalf of the appellant declares that the jury may disregard the whole or any part of such witness's testimony. *State v. Miller*, 93 Mo. 269. (9) The eighth instruction asked in behalf of the appellant has been approved by this court, and should have been given. *State v. Palmer*, 88 Mo. 573. (10) The ninth instruction asked in behalf of the appellant has been approved by this court, and should have been given. *State v. Lowe*, 93 Mo. 551.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) The wife was a competent witness. 1 Greenleaf's Evidence, sec. 334; *State v. Arnold*, 55 Mo. 89. (2) The evidence as to the attempted second assault was competent to show defendant's intention when he

made the first assault.    (3) The admission in evidence of the first indictment did not constitute reversible error.

SHERWOOD, J.—For an assault with intent to kill his wife, made by defendant with a revolver, he was indicted, convicted and sentenced to two years' imprisonment in the penitentiary, and he appeals to this court.

The testimony in brief, is the follwing:    On the twenty-seventh of May, 1891, and for some time before that, trouble had existed in the family of the defendant; his wife had abandoned his home and was living with her daughter, Mrs. Hume.    On this day the defendant, armed with a revolver, went to his daughter's place, where his wife then was, proceeded into the house and into the room where Mrs. Pennington was, drew his revolver and pointed it toward her, at the same time saying to her: "Get out of here, you———." His daughter seized the revolver and, during the scuffle that ensued, his wife made her escape.    The testimony also shows that during the afternoon of this assault the defendant came back with another and different revolver, attempted to get into the house where Mrs. Pennington was, but was intercepted by the daughter and a Miss Comer on the porch, where they had another scuffle with him and succeeded in again taking the pistol from him; at this time the defendant made the statement that he intended to kill his wife and had come for that purpose.    The defendant testified on his own behalf, in answer to the question of counsel whether or not he intended to hurt Mrs. Pennington, and answered: "No, sir, I did not."    This is all the testimony offered on behalf of the defense.

This was ample testimony, so far as concerns the mere matter of the assault with felonious intent, and supports the verdict, and the testimony of defendant

that he did *not intend* to hurt his wife, amounts to nothing in the light of the physical and uncontradicted surrounding facts.

Defendant's wife was clearly a competent witness, testifying, as she did, respecting an injury threatened and attempted to be done to her person by her husband.

There was no reversible error committed in permitting a former indictment for the same offense to be read to the jury. Why the prosecuting attorney wished to read the first indictment *in evidence* is beyond our comprehension; but we will credit the *traverse jury with knowing too much* to attach any importance to the first and quashed indictment, as evidence, and therefore hold that its admission was not reversible error, especially so, in view of the abundant, clear and uncontradicted testimony showing the guilt of the defendant.

Nor was there any material error committed in admitting Cole to testify after the case was closed. Such maters rest largely in the discretion of the trial court. *City v. Foster*, 52 Mo. *loc. cit.* 517; *State v. Smith*, 80 Mo. 516. But in addition to this, the testimony of Cole was of so little importance as neither to help nor hurt.

It is claimed that there is no evidence that the offense was perpetrated in the *state of Missouri*; but two of the witness testified that the assault was committed in *Moniteau county* and one of them that the assault occurred *"three miles from California."* Now we will take judicial notice that Moniteau county is one of the counties of this state, and, its boundaries being defined by a public law, what and where those boundaries are. *Commonwealth v. Desmond*, 103 Mass. 445; *Smitha v. Flournoy's Adm'r*, 47 Ala. 345. And we will take judicial notice, what are the boundaries in fact claimed by this state. *State v. Dunwell*, 3 R. I. 127. And this court will also judicially notice that

California is a town situate in Moniteau county, *Smith a v. Flournoy's Adm'r supra; Vanderwerker v. People*, 5 Wend. 530; 1 Greenleaf on Evidence [14 Ed.], sec. 6 and notes; Wade on Notice [2 Ed.], sec. 1410.

Taking judicial notice of the facts aforesaid, it is not difficult to ascertain that Moniteau county, where the crime is proved to have been committed, is one of the interior counties of this state. Nor, under the principle of the authorities cited, will it exceed the limits of the license accorded to judicial notice, to be aware of the fact that California is the *county seat* of Moniteau county, and if we may be aware of this, inasmuch as we know where the boundaries of Moniteau county are, we easily can ascertain that three miles west of California will not reach the western boundary of that county.

Moreover, the jury having found, as they must from the evidence, that the crime was done in Moniteau county, in order to obey one of the instructions of the court, and to return the verdict they did, must have found also, that the *county of their residence* was in the *state of Missouri*, which it was not at all surprising that they should do. Indeed, it may well be *presumed that they knew in what state they lived*. So that the particular venue of the offense being properly laid and established in Moniteau county, the general venue of the state would follow as a natural sequence.

But it is passing strange that the prosecuting attorney should not have proved the facts in terms, and thus have obviated the necessity for this discussion.

It was competent to show a former or a subsequent assault made by the defendant in order to show his intent, and consequently such evidence was admissible.

As to the instructions, they are in usual form and cover the entire case and the judgment is therefore affirmed. All concur.