WILLIAM M. MOON, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, March 5, 1900.**

1. **Evidence:** JUDICIAL NOTICE: TOWN AND TOWNSHIP. Courts will take judicial notice that a village and a section, township and range are in a given county in this state.

2. **Railroads:** KILLING STOCK: EVIDENCE. The evidence in this case shows that the animal killed got upon defendant's road where it should have been fenced and that it belonged to the plaintiff. The case being properly tried the judgment is affirmed.

Appeal from the Camden Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Wm. S. Shirk* for appellant.

(1) The plaintiff's evidence did not show that the cows belonged to him. It did not show that the cows got in onto the right of way at a point where defendant was bound to fence, or at a point where it was allowed to fence. This was essential. Ehret v. Railway, 20 Mo. App. 251. (2) The evidence does not show that the cows were killed in Morgan county nor, for that matter, in the state of Missouri. This was essential. R. S. 1889, sec. 6122. (3) The evidence does show that the cows got in on the right of way at a public road crossing. The petition alleges otherwise. Hence there could be no recovery under it.

*Wm. Forman* for respondent..

(1) That respondent's evidence did show that the cows belonged to him. (2) The evidence showed that the cows

got upon the right of way at a point where the appellant was bound to fence and at a point where it was allowed to fence. Hamilton v. Railway, 87 Mo. 85. (3) The evidence shows that the cows were killed a quarter of a mile southwest of Akinsville in section nineteen, township forty-four, range seventeen, Morgan county. The court will take judicial notice that said section is in Morgan county and that said county is one of the counties of the state of Missouri. State v. Pennington, 124 Mo. 391. The petition alleges "that said animals went upon said railroad not at the crossing of any public highway or other road." The evidence shows that they got upon the railway fifty-five or sixty steps from the crossing but that they got upon the right of way at the wagon road. This was sufficient. Lepp v. Railway, 87 Mo. 139.

ELLISON, J.—Plaintiff sued defendant for killing two of his cows by running against them with a train of cars. He recovered double damages on the ground that the cattle got upon the track and were killed where the road was not fenced and where, by law, it was defendant's duty to fence.

It is objected that the evidence fails to show the cows were killed in Morgan county. We think the only reasonable inference to draw from the testimony of witness Akin is that the killing was in Morgan county. Besides, it was shown to be near Akinsville, and the section, township and range are shown. We will take judicial notice that these are in Morgan county. State v. Pennington, 124 Mo. 391.

It is contended that the evidence fails to show that the cows belonged to plaintiff, or that they got on the right of way where defendant was bound to fence. The record fails to bear out either of these contentions. The facts mentioned are clearly shown.

It is also suggested that the evidence shows the animals

went upon the right of way at a public crossing, while the petition states that they did not. The suggestion is not well founded. The petition alleges that the point where they got upon the road was not at a public crossing. And this was shown to be true. They got on the right of way at a public crossing, but wandered down from that fifty or sixty feet where they went onto the railroad proper. Defendant has confounded the right of way with the track.

The instructions offered by defendant were properly refused. The petition is substantially good and objection to evidence under it was properly overruled. The judgment is affirmed. All concur.