147 So. 647

### TAYLOR v. STATE.
### 8 Div. 634.

Court of Appeals of Alabama.
April 11, 1933.

Thos. C. Pettus, of Hartselle, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The prosecution was begun by affidavit, sworn to by Nolie Taylor, the wife of the defendant, and the warrant issued thereon was made returnable to the county court. At the time of the making of the affidavit and the issuance of the warrant, the solicitor explained to Nolie that, as she was the wife of defendant, she could not be forced to testify against him on the trial, but that she would have to mark herself as prosecutor on the warrant, and, if she then failed to testify against defendant on the trial, she would be forced to pay the costs. Nolie did mark herself "prosecutor," and on the trial she did testify against defendant, at which time she said: "I want to testify against him." On cross-examination, Nolie testified: "Mr. Bob Almon told me before I signed the affidavit I'd have to testify against him if I signed the affidavit. That's the reason I'm here. No sir, I didn't want to testify against him. The only reason I'm here is because Mr. Bob Almon (the Solicitor) said I had to." On redirect examination, Nolie testified: "Mr. Almon told me if I didn't testify I'd have to pay the costs."

■ Our statute, Code 1923, § 5639, is in derogation of the common law which prevents a wife to testify either for or against her husband. The common-law rule was based partly on public policy; the courts being reluctant to sanction any doctrine tending to promote domestic strife and partly because of the close relationship which would tend to induce perjury.

It is not for us to question the wisdom of the above statute changing the common-law rule, but to see that its application shall be made in such manner as that its effects will benefit rather than harm the administration of justice.

■ It is very apparent that the testimony of Nolie (the wife) was obtained on the trial under duress and under the threat from the solicitor that, if she did not follow up her affidavit with her testimony at the trial, she would be penalized by having to pay the costs. The courts ought not to permit testimony obtained in this manner, and it was error for the court in the instant case to have admitted it. De Bardeleben v. State, 16 Ala. App. 367, 77 So. 979; De Bardeleben v. State, 201 Ala. 523, 78 So. 877. In the last-cited case the Supreme Court specifically affirms this court in excluding the testimony of the wife in a criminal case.

It further appears from the testimony of the witnesses introduced by the state that this prosecution was begun by reason of the fact that Nolie was mad with defendant, was trying to implicate him in some offense. From all the facts as they appear from the record, this judgment should not be allowed to stand.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.