STATE OF MISSOURI, Respondent, v. CHESTER HORACE DUNBAR, Appellant, No. 41819—230 S. W. (2d) 845.

Division One, June 13, 1950.

*J. Arthur Francis* for appellant.

*J. E. Taylor,* Attorney General, and *Hugh P. Williamson,* Assistant Attorney General, for respondent.

790

CLARK, P. J.—Upon an information filed by the prosecuting attorney, defendant was charged with felonious assault with malice. At the trial a jury returned a verdict of guilty and assessed his punishment at imprisonment in the penitentiary for a term of thirteen years. From the ensuing judgment and sentence defendant appeals.

The evidence showed that defendant shot his wife, Florence Dunbar, with a shot-gun, making it necessary to have her right arm amputated and otherwise causing her serious injuries. The defense did not deny the shooting, but claimed that it was accidental and also that appellant was insane.

Appellant complains that the trial court erred in the following particulars:

1. In overruling his motion to quash the complaint filed against him, sworn to by his wife, and the transcript of the magistrate court.

2. In requiring the wife to testify against her husband against her will and over the objection of the appellant.

3. In failing to instruct the jury on all the law of the case, particularly on the question of accidental shooting.

4. In giving instructions 1, 5, and 7.

5. That the verdict was against the law and the evidence.

6. The court had no jurisdiction of the person of the defendant because he was a ward of a United States Veterans' Hospital, committed there by an order of the probate court.

The first two assignments are based on Section 4081, Revised Statutes Missouri 1939; [Mo. R. S. A.] which in part is as follows:

"No person shall be incompetent to testify as a witness in any criminal cause or prosecution by reason of being . . . the husband or wife of the accused, . . . Provided, that no person on trial or examination, nor wife or husband of such person, shall be required to testify, but any such person may, at the option of the defendant, testify in his behalf . . ."

At common law a husband or wife could not testify for or against each other in any legal proceeding in which the other was a party except in the prosecution of one for criminal injury to the other, as for assault and battery. [State v. Kodat, 158 Mo. 125, 59 S. W. 73; State v. Koelzer, 348 Mo. 468, 154 S. W. (2d) 84; Ex parte Dickinson (Mo. App.) 132 S. W. (2d) 243.]

Section 4081 does not change the common law, uniformly followed by this court, that a husband or wife may be *permitted* to testify in the prosecution of one for criminal injury to the other. Under the facts of the instant case, Florence Dunbar was a competent witness against her husband, the appellant, and it follows that she was competent to sign the complaint against him, provided she did so voluntarily. The early case cited by appellant, [State v. Berlin 42 Mo. 572] does not conflict, but in principle sustains, what we have just said. That case was decided before any statute similar to present section 4081 had been enacted. A wife then was not even permitted to testify either for or against her husband in a criminal case except in a prosecution for a criminal injury to her. There the wife signed a complaint against her husband on a charge not coming within the exception and this court held that as the wife was incompetent to testify she was incompetent to sign the complaint.

On the motion to quash the complaint in the instant case, the trial court heard evidence outside the presence of the jury on the question of whether Mrs. Dunbar signed the complaint voluntarily. The evidence was in conflict, but we cannot say that the court abused its discretion in holding that she signed the complaint voluntarily and in overruling the motion to quash.

At the trial the State put Mrs. Dunbar on the witness stand. Appellant's counsel objected on the ground that she was an involuntary witness and could not be compelled to testify. The court permitted opposing counsel to ask her preliminary questions in response to which she positively stated that she did not desire to testify against her husband, and that she appeared as a witness solely because she had been subpoenaed. At first the trial court sustained the objection to her testimony, but later reversed his ruling with the following statement:

"Let the record show, at this time, I am going to reverse my ruling that she cannot be required to testify in this case and may go ahead and be allowed to testify. I have looked at the statute. It does not apply in criminal cases."

This latter ruling was plainly erroneous. The statute expressly applies to criminal causes. Under the statute, we must reluctantly hold that, while Mrs. Dunbar was *competent* to testify in this case, she could not legally be *required* to do so. One synonym for "require" is "compel" and that is the sense in which the term "required" is used in the statute.

At common law one spouse was incompetent to testify against the other, except for a criminal injury committed by one against the other. The first part of Section 4081 makes either spouse *competent* to testify in *any* criminal case, in which the other spouse is a. defendant, but the proviso says that neither spouse shall be *required* to testify, which must also refer to *any* criminal case, including a prosecution of one spouse for criminal injury to the other.

That portion of the statute which reads "but any such person may at the option of the defendant, testify in his behalf," has no bearing on the instant case and seems to be an unnecessary provision. The preceding portion of the statute makes one spouse a competent, but not compellable, witness in any criminal charge against the other spouse; that is, he or she may, at his or her own option, testify as a witness for the State. Then the statute, in effect, goes on to say that such spouse may, at the option of the defendant, testify as a defense witness. Of course, any defendant has the option to determine what witnesses shall be summoned on behalf of the defense.

Section 4081 in its present form has been in force since 1879. Similar statutes have been in force in other states for many years. After diligent search we have found no case, either in this or another jurisdiction, which is· precisely in point in favor of the construction which we here put upon our. statute and we have found no case in conflict with such construction.

Johnson v. State (Ala.) 10 So. 427, .decided by the Supreme Court of Alabama in 1892, was a prosecution of a husband for assault and battery upon his wife. It was held that at common law a wife was not only ▮▮▮▮ a competent witness in such a case, but she· could be compelled to testify. The decision was put upon public policy, to wit, the interest which the public has in the punishment of crime. No statute was considered. The case was followed by the same court in McGee v. State (Ala.) 58 So. 1008, decided in 1912.

In 1915 Alabama enacted a statute which contains a provision that "The husband and wife may testify for or against each other in criminal cases, but shall not be compelled so to do." After the passage of that statute we find three Alabama cases, each holding that it is reversible error to compel one spouse to testify against the other. [De Bardeleben v. State, 77 So. 979, decided in 1918; McCoy v. State, 129 So. 21, decided in 1930; Taylor v. State, ·147 So. 647, decided in 1933.] None of those cases was a prosecution of one spouse· for a criminal injury to the other, but the language used in the decisions

is general, indicating that the statute is applicable in cases of direct violence by one spouse to the other as well as in other cases.

In State v. Snyder, (New Jersey) 107 Atl. 167, decided in 1919, the wife of defendant procured his indictment for perjury and, over his objection, testified against him at the trial. Held: her testimony was properly admitted under a statute which provided; "Upon the trial of any indictment . . . a married woman shall be admitted to testify against her husband when she is the complainant against him, if she shall offer herself as a witness." On its face this statute applies to *any* criminal case and makes it optional with the wife "whether she shall offer herself as a witness."

In State v. Pennington, 124 Mo. 388, 27 S. W. 1106, decided in 1894, defendant was charged with feloniously assaulting his wife. This court held that the wife was a competent witness for the State. There is nothing in the opinion to indicate that she was an *unwilling* witness. Of course, she was a *competent* witness either under the common law or under our statute. The statute was not mentioned and whether she could be *compelled* to testify was not decided.

In State v. Vaughan, 136 Mo. App. 645, 118 S. W. 1186, decided by the Kansas City Court of Appeals in 1909, defendant was charged with disturbing his wife's peace. She instituted the prosecution, but was an unwilling witness at the trial. Without mentioning the statute the judgment of conviction was reversed and the cause remanded for error in compelling the wife to testify. By way of dicta the opinion says that the result would have been different in a prosecution for assault.

In State v. Evans, 138 Mo. 116, 39 S. W. 462, decided by this court in 1896, defendant was charged with statutory rape. Before the trial defendant married the girl. He was convicted and we reversed and remanded the case because the wife was permitted to testify for the State. The opinion does not disclose whether she testified voluntarily or unwillingly. It says that a wife is not a competent witness against her husband except for an offense committed against her *while she is his wife*. Section 4218 [now Section 4081] is cited as permitting a wife to testify *for* her husband, at his option, but not *against* him.

We do not agree with the reasons given in the opinion. The admissibility of the wife's testimony should be determined according to her marital status at the time the testimony is offered, not at the time the offense was committed. Also, our statute not only permits a wife to testify for her husband at his option, but permits, not compels, her to testify against him in any criminal case.

In State v. Anderson, 252 Mo. 83, 158 S. W. 817, decided by this court in 1913, the defendant was charged with shooting his wife. We held that it was not error to permit defendant's wife to willingly

testify against him. The statute was not mentioned, but we think the opinion is correct either at common law or under the statute.

The common law rule which generally prohibited one spouse from giving testimony against the other was based upon the interest of the public in preserving harmonious marital relations. The exception to the general rule, which permitted the injured spouse to testify as to a criminal injury inflicted upon such spouse by the other, was also based upon public interest in protecting individuals and the necessity for such evidence, in many cases, to prove the commission of a crime.

We believe that the administration of justice would be aided by *permitting* one spouse to testify against the other in any criminal case, but that such testimony should not be *compelled* except as to charges of a serious nature. Perhaps the dividing line should be between misdemeanors and felonies.

However, it is not for courts to declare public policy. That is a function of the legislative department, which, by Section 4081, has given the option to an injured spouse to refuse to testify against the other in any criminal case. This court is without authority to amend the statute. Therefore, because of prejudicial error in compelling Mrs. Dunbar, against her will, to testify against her husband, the judgment in this case must be reversed and the cause remanded for a new trial.

 Although there was some evidence that the shooting was accidental, the court failed to instruct on that question. We cannot say that this evidence was conclusively refuted by the physical facts, as was held in State v. Ray, (Mo.) 225 S. W. 969. Therefore, failure to instruct on that defense constitutes reversible error. [State v. Bradley, 352 Mo. 780, 179 S. W. (2d) 98, l. c. 101.]

 Appellant's fourth assignment relates to instructions 1, 5, and 7. His complaint against instruction 1 is that it is broader than the information and also omits any mention of the defense of accidental shooting. The argument that the instruction is broader than the information is based on the fact that the information charges an assault with intent to kill while the instruction follows the language of the statute and authorizes a verdict of guilty if the assault was with intent to kill "or to do some great bodily harm." We hold that the inclusion of the words quoted did not vitiate the instruction. But, while the instruction authorized an acquittal if the jury found the defendant insane, it omitted all reference to the defense of accidental shooting. This had the effect of definitely depriving appellant of the latter defense and constitutes reversible error. [State v. Howard, 354 Mo. 38, 188 S. W. (2d) 17.]

 Instructions 5 and 7 relate to the defense of insanity. Appellant's objections to them are that they are vague, repetitious and

comment on the evidence. They might have been more clearly worded, but they are not subject to appellant's objections.

There is no merit to appellant's fifth assignment. It is that the verdict was against the preponderance of the evidence. Upon a retrial, if there is competent evidence of appellant's guilt, the jury will be the judges of the weight and sufficiency of the evidence to convince them beyond a reasonable doubt.

Appellant's last assignment is that the court lacked jurisdiction because he had been committed to a veterans' hospital by an order of the probate court.

There was evidence that appellant had been adjudged of unsound mind and incompetent to manage his affairs "when intoxicated," and a guardian was appointed. It seems that the proceeding was instituted by an agent of the veterans' hospital so that appellant could receive treatment. Appellant remained in the hospital only a short time and had been out several months before the shooting, although he had not received a final discharge from the hospital and his restoration to sanity had not been adjudged by any court.

However, the judgment of the probate court that appellant was of unsound mind was not an adjudication that he lacked sufficient mental capacity to be responsible for the commission of a crime, and did not deprive the circuit court of jurisdiction to determine that issue. This defense was raised at the trial, evidence was heard upon it, and it was submitted to the jury by instructions. That was proper procedure. [State v. Murphy, 338 Mo. 291, 90 S. W. (2d) 103.]

For the errors outlined above, the judgment is reversed and the case remanded for a new trial.

PER CURIAM:—The foregoing opinion prepared by the late ALBERT M. CLARK, Presiding Judge of Division One, is now adopted as the opinion of the Court. All concur.