Argued December 13, 1956, reversed March 13, 1957

# STATE OF OREGON v. LeFILS

307 P. 2d 1048

*Francis W. Linklater,* Hillsboro, argued the cause and filed a brief for appellant.

*James K. Gardner,* District Attorney, Hillsboro, argued the cause and filed a brief for respondent.

Before Tooze*, Acting Chief Justice, Rossman, Perry** and McAllister, Justices.

PERRY, C. J.

The defendant was convicted of an attempted assault upon his minor daughter, and from this conviction has appealed.

The defendant assigns as error the fact that over his own protest and the protest of his wife, the trial court compelled the wife to testify.

At the trial, the state put Mrs. LeFils upon the witness stand and she positively stated that she did not desire to testify against her husband. Over her objection, the trial court compelled her to testify.

ORS 139.320 reads as follows:

"In all criminal actions in which the husband is the party accused, the wife is a competent witness

---

* Died December 21, 1956.
** Chief Justice when this decision was rendered.

and when the wife is the party accused, the husband is a competent witness; but neither husband nor wife in such cases shall be compelled or allowed to testify in such cases unless by consent of both of them; provided, that in all cases of personal violence upon either by the other or of personal violence or other unlawful act committed against any minor child of either or both of the parties, the injured party, husband or wife, shall be allowed to testify against the other; provided, further, that in all criminal actions for polygamy or adultery, the husband or wife of the accused is a competent witness and shall be allowed to testify against the other without the consent of the other as to the fact of marriage.''

The effect of this statute is ''to remove the subject matter from the field of incompetency of witnesses as at common law and to transfer it to the field of privilege.'' *State v. Dennis*, 177 Or 73, 97, 159 P2d 838, 161 P2d 670. And, except in the instances mentioned in the provisos to this statute, either party may be a witness when the other is the accused, if both have actively consented. *State v. Mageske et al.*, 119 Or 312, 227 P 1065, 249 P 364; *State v. McGrath*, 35 Or 109, 57 P 321. When, therefore, one spouse is charged with a crime not against the other or a child of the parties, the requirement in the body of the act, that both parties must actively consent, leaves the witness-spouse with the privilege of testifying or not, as he or she may see fit, even though the party-spouse has consented that the other may testify.

We are here concerned with the question of whether, under the proviso permitting the nonoffending spouse to testify against the other for personal violence or other unlawful act against a minor child of the parties, such nonoffending spouse may be compelled, against his or her protest, to be a witness.

It is at once apparent that two issues of public policy conflict when the nonoffending or witness-spouse refuses to appear as a witness upon trial of the offender. On the one hand, a rule of long standing, that one spouse should not be compelled to testify against the other because of disturbing the family peace and destroying the home; and on the other hand, that the wrongdoer should be apprehended and punished for his wrong committed against the state. However, it is not our privilege to determine which is the better policy, but only to construe the law as enacted.

We have been cited no decisions, nor has our research disclosed any state having a statute which is identical with ours.

Section 4081, Revised Statutes Missouri, 1939, reads in part as follows:

> "No person shall be incompetent to testify as a witness in any criminal cause or prosecution by reason of being * * * the husband or wife of the accused, * * *. Provided, that no person on trial or examination, nor wife or husband of such person, shall be required to testify, but any such person may, at the option of the defendant, testify in his behalf * * *."

In construing this section with relation to a criminal proceeding in which the husband was accused of a felonious assault upon the wife, the Supreme Court of Missouri, *State v. Dunbar,* 360 Mo 788, 791, 230 SW2d 845, held that while a husband or wife may be permitted to testify against the other for criminal injury by the defendant-spouse, the witness-spouse was not a compellable witness, and compelling this spouse to testify against the defendant-spouse was reversible error.

We are of the opinion that "allowed" as used in

our statute was intended to carry the thought of a privilege resting with the witness-spouse to the same effect as the words "nor * * * required to testify" as used in the Missouri statute.

■ As we have previously pointed out, the body of the act removes the common-law rule of incompetency of the parties as witnesses by reason of the marriage relationship. The provisions of the proviso simply remove the necessity of the active consent of the defendant-spouse under the circumstances there set forth; they do no more. The legislature in using the word "allowed" in conjunction with the word "compelled" in the body of the act, uses it in the sense of a prohibition based upon the requirement of active consent of both parties, thus creating a privilege. We cannot assume that the legislature intended in the proviso to use the same word to convey any different meaning. Had the legislature intended that the witness-spouse should be compellable in the proviso, the word "competent" or the word "compelled" would have been used instead of "allowed." The word "allowed" in the statute is used in the sense of permitting as a privilege.

■ The trial court interpreted the statute as we have, but held that, since the wife had signed the complaint, she had waived her privilege to refuse to testify.

In speaking of the consent required to satisfy the requirements of the act, this court has used the word "actively" as qualifying "consent," *State v. Dennis,* supra, thus implying direct consent as opposed to implied or passive consent.

In our minds, there is a difference between the willingness of a spouse to sign a complaint upon information and belief for the purpose of having a grand jury inquire into the question of the criminal assault of the other spouse upon a child of the parties and in be-

ing compelled to be the instrument before a petit jury that leads to conviction of the life-partner.

In *State v. Dunbar,* 360 Mo 788, 230 SW2d 845, supra, this very situation which faces us arose, and, while the question of waiver was not discussed, the court, upon almost identical facts, held the wife not a compellable witness against her husband.

With some reluctance, we feel compelled to reverse this cause, and it is so ordered.