STATE of Missouri, Respondent,

v.

Gerald BOLEY, Appellant.

No. KCD 26391.

Missouri Court of Appeals, Kansas City District.

Nov. 5, 1973.

Robert F. Pyatt, Frith & Pyatt, Chillicothe, for appellant.

John C. Danforth, Atty. Gen., Mark D. Mittleman, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM:

In a jury tried case defendant was convicted of felonious assault under Section 559.180, RSMo 1969, V.A.M.S., and sentenced to five years. Defendant's sole contention on appeal is the court erred in the verdict-directing instructions given because they allowed the jury to find him guilty of felonious assault "with the intent to do great bodily harm or kill", whereas the information charged felonious assault "with the intent . . . to kill". Defendant, in support of his single contention, asserts the instructions submitted a broader offense than charged in the information.

Defendant's appeal is without merit since the same attack to like verdict-directing instructions was ruled adversely to defendant in State v. Dunbar, 360 Mo. 788, 230 S.W. 2d 845 (1950). The Supreme Court in *Dunbar* held that addition of the words "with the intent to do great bodily harm" to a verdict director was mere surplusage and did not vitiate the instruction.

The propriety of the verdict-directing instructions given is further buttressed by the fact that defendant requested, and the court gave, an instruction which required the jury to find he had a "specific intent to kill" in order to find him guilty. In essence, defendant's instruction restricted the jury to the intent charged in the information. The curative effect of defendant's requested and given instruction is supported by State v. Harrington, 435 S.W.2d 318 (Mo.1968).

No reversible error appearing, the judgment is affirmed.

All concur.