**STATE of Missouri, Plaintiff-Respondent,**

v.

**Roby HUDSON, Defendant-Appellant.**

**No. 35723.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 4, 1975.

---

Charles J. Kitchin, Public Defender, John Bauer, Asst. Public Defender, St. Louis, Howard Paperner, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Asst. Circuit Atty., St. Louis, Charles B. Blackmar, Sp. Asst. Atty. Gen., Clayton, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant Roby Hudson was charged in a three-count indictment with assaults with intent to maim with malice as a result of the beatings which he inflicted upon Sharon Darby and her two infant sons, Paul and Joseph. After verdicts of guilty as to each of the counts, he was sentenced to twenty-five years on the first count and two consecutive terms of ten years on each of the others. Upon appeal, he contends that the trial court erred in allowing argument and testimony as to prior and subsequent assaults by the defendant on the same victims. This he urges upon the basis of the well established rule set forth in State v. Reese, 364 Mo. 1221, 274 S.W.2d 304, 307 (banc 1954) to the effect that proof of the commission of separate and distinct crimes is not admissible unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial.

In his opening statement the assistant circuit attorney advised the jury that the evidence would show that the defendant Roby Hudson and Sharon Darby became acquainted in September, 1972, and from the time he became acquainted with her until November 16, 1972 he frequently beat her and her children. Mrs. Darby testified that both prior to and subsequent to November 16, 1972 defendant Hudson had beat her and her children. Then on November 16, 1972, the date of the alleged felonious assaults as charged in the indictment, the defendant beat her with his fists and hit her severely about the head with a soda bottle breaking her jaw, and further beat her children with his fists and with a belt.

The proof of the commission of separate and distinct crimes is admissible when such evidence tends to establish motive, intent, absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and the identity of the person charged with the commission of the crime on trial. State v. Reese, *supra* 274 S.W.2d at 307; State v. Wing, 455 S.W.2d 457, 463[10] (Mo.1970); State v. Boyer, 476 S.W.2d 613, 616[1] (Mo.1972). Here the evidence of the beatings prior and subsequent to the assaults alleged in the indictment was offered to show the intent of the defendant and was accepted by the trial court for that purpose. As was stated in State v. Pennington, 124 Mo. 388, 27 S.W. 1106, 1107 (1894), "It was competent to show a former or a subsequent assault made by the defendant in order to show his intent,' and consequently such evidence was admissible."

The judgment is affirmed.

DOWD and RENDLEN, JJ., concur.