## THE STATE v. BURKS, Appellant.

### Division Two, February 12, 1901.

1. **Criminal Law:** EMBEZZLEMENT: SUFFICIENCY OF INDICTMENT. The indictment charged the defendant with embezzling a check; it failed to state by whom or upon what person or bank the check was drawn; it appeared upon the trial that the grand jury could not have obtained possession of these facts at the time of the finding of the indictment. *Held*, that, under these circumstances, the description was sufficient, and that the allegation of the indictment that "a more particular description is to these jurors unknown," was permissible upon the ground of necessity.

2. ———: INDICTMENT. It is not necessary that an indictment for the embezzlement of a check should allege from whom the check was received.

State v. Burks.

3. ———: ———: LARCENY AND EMBEZZLEMENT: CONSTITUTIONAL RIGHT. On an indictment for embezzlement, drawn under section 3551, Revised Statutes 1889, a conviction of larceny can not be sustained. The latter offense is of a different and higher grade than is the former, and such conviction is in violation of the constitutional right of the accused "to demand the nature and cause of the accusation," against him.

Appeal from Pulaski Circuit Court.—*Hon. L. B. Woodside, Judge.*

REVERSED AND REMANDED.

*Murphy & Murphy* for appellant.

(1) The indictment would not be good under section 3551, Revised Statutes 1889, for the fact that it does not allege by whom the check was delivered to defendant. He is certainly entitled to be informed on this point and unless the indictment does so it does not meet the constitutional requirement as to the "nature and cause of the accusation," nor could a conviction in such a case be successfully pleaded in bar of a subsequent prosecution for the same offense. State v. Grisham, 90 Mo. 165. (2) The statute on which this case is bottomed was not designed to apply to a case of this kind. Its obvious purpose is to punish in common carriers the crime of embezzlement and to the words "other bailee" the rule *ejusdem generis* applies, that is, that under the provisions of that section only those are punishable who occupy the relation of common carrier, or some similar contractual relation. Sedgwick Stat. and Const. Law, 360; City v. Laughlin, 49 Mo. 559.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1)   The indictment is in legal form.   It charges de-
fendant with the crime of embezzlement as defined by the
statute.   It is drawn according to the form given by Kelley
in his work on Criminal Law.   Kelley's Criminal Law, sec.
677; State v. Crosswhite, 130 Mo. 358; State v. Adams, 108
Mo. 208; State v. Thompson, 144 Mo. 314.   The indictment
is not bad for the reason that it fails to allege the name of the
person who delivered the check to defendant.   It is alleged
that the check belonged to, and was the property of, one Louis
Fisher, and was delivered to defendant as bailee.   No further
allegation is necessary in that regard.   State v. Crosswhite,
130 Mo. 358.   The uniform ruling of our courts has been
that an indictment for an offense created by statute will be
sufficient if the language of the statute is substantially fol-
lowed.   State v. Johnson, 93 Mo. 319; State v. Mohr, 68 Mo.
303; State v. Coulter, 46 Mo. 565; State v. Adams, 108 Mo.
205.   (2)   The grand jury, like other officers, are presumed
to do their duty, and this presumption was indulged in by de-
fendant by his not resisting the indictment by motion to quash.
At this point of the case the statement of the grand jury will
be taken as absolutely true, and being so considered it was un-
necessary for the State to show in evidence that the check could
not be produced, or a more complete description of it shown.
Davis v. Voris, 141 Mo. 234; State v. Turley, 142 Mo. 403;
State v. Wilson, 143 Mo. 334; State v. Hodges, 144 Mo. 50.

BURGESS, J.—Defendant was convicted in the circuit
court of Pulaski county of grand larceny, and his punishment
fixed at two years' imprisonment in the penitentiary, under an
indictment charging him with embezzling a check of the alleged
value of thirty-five dollars, the property of one Louis Fisher.

After unavailing motions for new trial and in arrest, de-
fendant appeals.

The facts are, that on or about the eighth or ninth day of

August, 1899, one Louis Fisher was the owner and in the possession of a check for thirty-five dollars, and while at the town of Crocker in Pulaski county on that day, he handed the check to defendant to pay his, defendant's father for some oil for which Samuel Jasper from whom Fisher got the check owed him, and to return the change to him, Fisher. Defendant never returned the check, nor did he pay his father for the oil, or pay Fisher the money for the check, but he took it to a man by the name of Hoops, who, not having the change, gave him two twenty dollar bills, and took the check with the understanding that defendant would get one of them changed and return the difference, being five dollars, between the amount of the check and the forty dollars.

Immediately after he obtained the forty dollars, defendant boarded a freight train and went to Dixon, another town, a short distance away. One H. C. Murphy, a short time afterwards, while in search of defendant, boarded a freight train about two miles east of Dixon. He found defendant on an oil car and arrested him. He took him to Newburg and returned on the next train to Crocker. Defendant was searched and thirteen dollars were found in his possession. He admitted throwing twenty-seven dollars away, while on the train just before the arrest was made.

It was not shown by whom, or upon what person or bank the check was drawn.

The point is made that the indictment does not charge the defendant with the commission of any crime.

It was drawn under section 3551, Revised Statutes 1889, which provides that any carrier, bailee or other person who shall embezzle or convert to his own use, or make way with or secrete, with intent to embezzle or to convert to his own use, any money, goods, rights in action, property or valuable security or other effects which shall be delivered to him . . . . . . . shall, on conviction, be adjudged guilty of larceny, etc. The

argument is that the indictment is too indefinite and uncertain with respect to the description of the check, in that it does not allege to whom it was payable or upon what bank or individual it was drawn, or by whom delivered to defendant.

In 1 Chitty's Criminal Law, 169, it is said: "The first general rule respecting indictments, is, that they should be framed with sufficient certainty.   For this purpose the charge must contain a certain description of the crime of which the defendant is accused, and a statement of the facts by which it is constituted, so as to identify the accusation, lest the grand jury should find a bill for one offense, and the defendant be put upon his trial for another, without any authority."

As the indictment failed to allege in whose favor the check was drawn and upon what person or bank, its description was so uncertain and indefinite as to bring it within the rule announced by Chitty, and unless there was some excuse or good reason for not giving a description of the check it must be held to be invalid unless by section 2528, Revised Statutes 1899, it was unnecessary or a more specific description could not have been given, and the mere allegation in the indictment that "a more particular description is to these jurors unknown," was not under the circumstances sufficient.   But it appeared upon the trial that neither Fisher, nor Samuel Jasper from whom Fisher got the check was able to state to whom it was payable, upon whom or by whom drawn, nor was Jasper able to state from whom he received it.   So that it seems impossible that the grand jury knew or that they could have ascertained these facts at the time of the finding of the indictment.

It was held in State v. Stowe, 132 Mo. 199, that the failure to allege in an indictment that the name of a person or fact necessary to be stated is unknown, is permissible only upon the ground of necessity, and as it was impossible to give a more specific description of the check than was given, the facts bring

the case clearly within the rule   announced in that   case. [Cheek v. State, 38 Ala. 227.]   Nor do we think it was necessary that the indictment should have alleged from whom the check was received by defendant.   [Kelley's Criminal Law and Practice, sec. 680.]   Moreover, under section 2528, Revised Statutes 1899, *supra,* which provides that in any indictment for embezzling, etc., any instrument or property, it shall be sufficient to describe such instrument or property by any name or designation by which the same may be usually known, or the purport thereof, without setting out any copy or facsimile thereof, or otherwise describing the same, a more definite description was unnecessary.

The judgment must be reversed, however, for the reason that defendant was convicted of grand larceny, while only charged with embezzlement.

The Constitution of the State, article 2, section 22, provides that the accused in all criminal prosecutions shall have the right to appear and defend in person and by counsel, and "to demand the nature and cause of the accusation" against him.

It is well settled that in criminal prosecutions the offense must be so described in the indictment as to put the accused in possession of his constitutional rights, and apprise him of the nature of the accusation against him in order that he may prepare his defense, and that he may not again knowingly be put upon trial for the same offense.

The indictment charges defendant with what was at common law a simple breach of trust, but which by section 3551, *supra,* is larceny, though there is no trespass, which is a constituent element in, and without which there can be no, larceny. The indictment was for one offense while the conviction was for another and different offense of a higher grade, and requiring additional proof, that is, that the check was in the first

place taken with intent to steal it and convert it to defendant's own use, and, while it was in effect held in State v. Broderick, 70 Mo. 622, that a person indicted for embezzlement might be convicted of grand larceny under this section of the statute, that ruling does not seem to be in accord with our Constitution and the great weight of authority.

In treating of this subject in Bishop on Statutory Crimes, it is said: "Though a statute of embezzlement declares it to be larceny, it can not be indicted as such, but the allegation must be special." [Bishop on Statutory Crimes, (2 Ed.), sec. 418.]

If there was any doubt as to whether the offense was embezzlement or larceny there should have been a separate count in the indictment for each offense.

There was no error in the admission of evidence with respect to the check, as it does not seem possible for the State to have produced it upon the trial; besides, defendant by his own act made it impossible for it to do so.

For these considerations we reverse the judgment and remand the cause.

All concur.