**STATE of Missouri, Respondent,**

v.

**Willis L. SEARS, Appellant.**

**No. KCD 26398.**

Missouri Court of Appeals, Kansas City District.

Nov. 5, 1973.

John P. Haley, Jr., Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PRITCHARD, Judge.

Appellant was convicted by the verdict of a jury of the commission of the crime of robbery in the first degree, and his punishment was set at 12 years imprisonment in the Department of Corrections. The

sole issue is whether the trial court erred in denying appellant's motion for a mental examination under Chapter 552, RSMo 1969, V.A.M.S.

The robbery was alleged in the first amended information to have been committed on or about September 24, 1971. The motion for mental examination, filed November 18, 1971, by appellant's counsel, Mr. Haley, set forth "that he has reason to believe that the defendant lacks the capacity to understand the nature of the proceedings against him and to assist his counsel in the preparation of his defence, and further, that at the time of the alleged acts, the defendant may have had a mental disease or defect and as a result may have been unable to appreciate the nature, quality or wrongfulness of his conduct, or may have been unable to conform his conduct to the requirements of the law, which would have excluded responsibility for his conduct under Chapter 552 of the Revised Statutes of Missouri." The motion was taken up for hearing on November 22, 1971, and was then overruled.

Appellant was the only witness at that hearing. His testimony was that he did not have any recollection of what precisely happened on the day of the alleged offense. He had been drinking whisky heavily, and was an alcoholic. He had been to see a medical doctor once, and a psychiatrist twice, with respect to his alcoholism. He had been drinking for 20 to 24 years. On cross-examination, appellant acknowledged that he had been employed by the Ford Motor Company, in stock material handling, for 20 years, and he was pretty good at it. It was not appellant's position that he was mentally deranged and that he did not know what he was doing on the day of the hearing. On September 24th, his mental condition was not any different except for the fact that he had been drinking. Appellant acknowledged further that he remembered being with other persons at several places on the day of the robbery, but denied remembering anything about the alleged offense, possibly because he was drunk.

Immediately before the trial appellant by counsel renewed his request for a mental examination, and asked for additional time to get it "because it is counsel's opinion that this man is suffering from mental defect in the nature of alcoholism which may render him psychotic so that he would not be responsible for any alleged act in the nature of a crime heretofore committed, your Honor." Appellant was arraigned on the day of trial, January 10, 1972, then waived the reading of the information and entered a plea of not guilty. The requests for mental examination, and the continuance, were made immediately before the plea, and were overruled.

It is noted that at no time did appellant comply with the procedure of § 552.030 as would give him a right to a psychiatric examination. Subsection 2 of that section provides, "Evidence of mental disease or defect excluding responsibility shall not be admissible at trial of the defendent [sic] unless the defendent [sic] at the time of entering his plea to the charge pleads not guilty by reason of mental disease or defect excluding responsibility, or unless within ten days after a plea of not guilty or at such later date as the court may for good cause permit, he files a written notice of his purpose to rely on such defense. * * *." Subsection 4 of the section provides, "Whenever the defendant has pleaded mental disease or defect excluding responsibility or has given the written notice provided in subsection 2, and such defense has not been accepted as therein provided, the judge or magistrate shall, after notice and upon motion of either the state or the defendant, by order of record, appoint one or more private physicians to make a psychiatric examination of the defendant, or shall direct the superintendent of a facility of the division of mental diseases to have the defendant so examined by one or more physicians whom the superintendent shall designate. * * *." A motion for a

mental examination, under the provisions of the statute, is insufficient to give rise to a mandatory duty of the court to order a mental examination to procure evidence of mental disease or defect excluding responsibility unless it is preceded by a plea of that matter or by a written notice of purpose to rely upon such defense. In State v. Holmes, 439 S.W.2d 518 (Mo.1969), the motion for mental examination was made long after a plea of not guilty was entered. The court said, loc. cit. 439 S.W.2d 520 [2–4], "As for the overruling of the request for examination under § 552.030, the examination necessarily was conditioned upon the right of appellant to raise the defense of lack of mental capacity. * * * The defense of lack of responsibility at the time of the offense was not properly before the court. The statutory scheme for raising and passing upon this defense is designed to protect the interests of both the defendant and the state. Absent waiver by the state, the issue of mental responsibility should be considered only when presented as required by the statute. * * *." Here, appellant's sole plea was not guilty. He did not at any time, as a condition precedent to any motion for mental examination, plead not guilty by reason of mental disease or defect excluding responsibility, or indicate he intended to rely on that defense. Thus, the written motion for mental examination made on November 18, 1971, and the oral renewal thereof made prior to arraignment, on the basis of lack of responsibility at the time of the offense were properly overruled.

 Appellant has only obliquely and in argument presented the issue of whether the court erred in denying the motion for mental examination upon the allegation that he lacked the capacity to understand the nature of the proceedings against him and to assist his counsel in the preparation of his defense. The testimony of appellant rather positively established that he in fact possessed the capacity to proceed with trial. Furthermore, on the hearing on the motion appellant was before the court which had the opportunity to observe him and appraise his mental ability and fitness to proceed with trial. Halley v. State, 485 S.W.2d 5 (Mo.1972). There was nothing here which would reasonably cause the court to believe that appellant had a mental disease or defect excluding fitness to proceed under § 552.020. Isolated and remote consultations or treatment for alcoholism are insufficient to establish that fact. State v. Harris, 477 S.W.2d 42 (Mo.1972). Upon the record presented the trial court did not err in denying the motion made upon the ground of lack of mental capacity to proceed to trial.

The judgment is affirmed.

All concur.