Estil Lee JOHNSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 35653.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 18, 1975.

James E. Cafer, Vandalia, for movant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Paul Robert Otto, Scott A. Raisher, Jefferson City, Thomas I. Osborne, Mexico, for respondent.

SMITH, Chief Judge.

This is an appeal from the judgment of the Circuit Court of Audrain County denying movant-appellant's motion under Rule 27.26, V.A.M.R., to vacate a 90 year sentence imposed upon a plea of guilty in 1952 to the crime of rape. We affirm.

The trial court conducted an evidentiary hearing and found that a written statement given by movant at the time of his arrest was not coerced, that movant had received effective assistance of counsel, and that his plea had been voluntarily and intelligently made.

Movant claims that the primary motivation for his guilty plea was his desire to avoid the death penalty. His allegation that this rendered his plea involuntary does not follow. "It is now well settled that a plea of guilty is not invalid merely because it is entered to avoid the possibility of a death penalty." Beeman v. State, 502 S.W.2d 254, 255 (Mo.1973) [2] citing Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). "The fear of the death penalty 'does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice * * * . . .' It is only one of several factors to be considered." Beeman, *supra,* at 256, citing Brady v. United States, *supra,* and North Carolina v. Alford, 400 U.S. 25, 1.c. 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Movant has not met his burden of showing other factors to establish that his plea was involuntary. The alleged racial climate in Audrain County in 1952 does not establish involuntariness; it goes rather to the fears of a death penalty. The evidence against defendant was strong including identification by the victim, a confession, and possession of rings belonging to the victim in defendant's pocket shortly after the crime. The circumstances of the rape were aggravated including physical abuse of the victim. The trial court's finding that the plea was not coerced was not clearly erroneous.

We have carefully reviewed the transcript regarding movant's other contentions and have concluded that the extensive findings, conclusions, and judgment of the trial court are not clearly erroneous and were supported by the evidence. Rule 27.-26(j). No error of law appears and a detailed analysis of these contentions would have no precedential value. We therefore affirm the judgment as to these points under Rule 84.16.

Judgment affirmed.

KELLY, and STEWART, JJ., concur.