Eugene E. STRODER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 35642.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 11, 1975.

Motion for Rehearing or Transfer Denied
April 14, 1975.

78

Charles D. Kitchin, Public Defender, James C. Jones, Denis Burns, Christelle Adelman-Adler, Asst. Public Defenders, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, William F. Arnet, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., W. Earl Jacobs, Asst. Circuit Atty., St. Louis, for respondent.

RENDLEN, Judge.

This appeal is from an order denying appellant's motion filed under Supreme Court Rule 27.26, V.A.M.R.,[1] to vacate or correct judgment entered in December 1970, upon his plea of guilty to Stealing by Deceit. Execution of his six-year sentence was suspended and appellant placed on five-year probation. In January, 1972, bench probation was revoked and this appeal is also from the court's denial of appellant's motion to rescind the revocation.

Appellant stole a typewriter in June, 1970, and after arrest, attorney Robert Vining was appointed counsel. In the months that followed Vining's associate, Donald Meyer, at the direction of Vining and with the court's subsequent approval, undertook the preparation of appellant's defense. In December, 1970, appellant entered his plea of guilty, was sentenced and placed on probation.

In January, 1972, on an unfavorable probation report, the court revoked appellant's probation without notice or hearing.[2] Appellant filed his 27.26 motion seeking to "vacate or correct" the original sentence on June 5, 1972, followed by an amended 27.26 motion and a separate motion to rescind the probation revocation filed on July 6, 1972. At the evidentiary hearing on these motions in October the court denied the motion attacking the probation revocation and took the 27.26 motion under advisement.

On January 11, 1973, appellant filed his second motion to rescind the probation revocation. On January 22 the court conducted further evidentiary hearing and entered judgment denying the new motion attacking probation revocation as well as appellant's 27.26 motion.

The recital of facts contained in appellant's brief (adopted by respondent) is erroneous as to dates and order of events. This resulted from the confusing arrangement of the transcript on appeal. With considerable difficulty we sorted the facts and accordingly have in some detail set forth the events in their proper order.

■ Appellant's 27.26 motion is an independent civil action governed in so far as applicable by the Rules of Civil Procedure. Movant has the burden of proof and our review is to determine whether the trial court's findings, conclusions and judgment are clearly erroneous; if not, the judgment must be affirmed. Anderson v. State, 493 S.W.2d 681, 683 (Mo.App.1973).

1. All references are to RSMo 1969 unless otherwise noted.

2. Appellant was under arrest on a different charge when notified of the revocation.

Appellant's 27.26 motion raises two contentions of error: (1) Appellant was dissatisfied with the assistance of court-appointed counsel and the court, though aware of this dissatisfaction, "took no steps to correct the situation"; (2) a request for mental examination was filed but never heard and the court's failure to provide a hearing or order psychiatric examination was violative of due process.

I

We consider the first contention. Appellant's dissatisfaction with counsel is no ground for post-conviction relief except as it might indicate inadequate assistance of counsel. The court-appointed counsel, Robert Vining, delegated responsibility for representing appellant to his associate, Donald Meyer, who was more experienced in criminal matters. This was brought to the court's attention and the court confirmed that Donald Meyer was appointed "co-counsel". The constitutional right to counsel does not mean that an accused is entitled to any particular attorney, or that during trial he can arbitrarily discharge his attorney without reason or justification. Evans v. State, 467 S.W.2d 920, 923[3] (Mo.1971). See also State v. Williams, 419 S.W.2d 49, 54[8–10] (Mo.1967). Selection of counsel for the accused is within the discretion of the trial court. State v. Hamblin, 448 S.W.2d 603, 607 (Mo.1970); State v. Riley, 394 S.W.2d 360, 363 (Mo.1965). Assignment of his duties by court-appointed attorney is not per se denial of the accused's right to representation and we find the trial court did not abuse its discretion by permitting Donald Meyer to proceed on behalf of appellant. See State v. Herron, 376 S.W.2d 192 (Mo.1964), and Fisk v. State, 515 S.W.2d 865 (Mo.App.1974). Further, in cases involving guilty pleas the determination of the adequacy of representation is immaterial except to the extent counsel's assistance bears on the issues of voluntariness and understanding. Barylski v. State, 473 S.W.2d 399, 402 (Mo.1971). The record clearly demonstrates the guilty plea was voluntary and made with full understanding of the act and its consequences.

Notwithstanding appellant's protest to the contrary, his satisfaction with court-appointed counsel appears in the following testimony from the plea hearing:

"THE COURT: Are you satisfied to have this lawyer, Donald J. Meyer, represent you?

THE DEFENDANT: Yes, sir.

THE COURT: Are you positive of that?

THE DEFENDANT: Yes, sir.

\* \* \* \* \* \*

THE COURT: Now, Mr. Defendant, you are then satisifed here with Donald Meyer who is the present counsel on this case, is that correct?

THE DEFENDANT: Yes.

THE COURT: You are satisfied with the legal advice he has given you, is that correct?

THE DEFENDANT: Yes.

THE COURT: You feel that this lawyer is competent to represent you in this matter, is that correct?

THE DEFENDANT: I do.

THE COURT: And you wish to change your plea from not guilty to a plea of guilty, is that correct?

THE DEFENDANT: Yes, sir."

In the fall of 1970 appellant wrote several letters to the court complaining of the service rendered by counsel. The record however makes it clear that attorney Meyer served his client with diligence and success. He conferred with the appellant on several occasions and filed motions to suppress and to produce copies of appellant's statements, police reports and identification information; he deposed the state's key witness, prepared pleadings and made court appearances.

The possibility of insanity as a defense was suggested by appellant to his attorney who prepared a motion requesting psychiatric examination. Attorney Meyer determined the motion was not well taken and his client would not authorize or permit such action. The motion was never filed.

Attorney Meyer's successful plea bargaining obtained the state's recommendation for a one-year "workhouse" sentence. On its own initiative the trial court offered appellant the recommended one year or in the alternative a six-year sentence with five years bench probation. Apprised of the choice of sentence, appellant conferred with counsel who again urged the "one year" as the wiser course. However, appellant selected the six-year sentence with bench probation. Appellant admitted the facts of the crime and entered his plea of guilty having been fully advised, among other things, of the range of punishment, elements of the crime, right to jury trial, presumption of innocence, right against self-incrimination, right to confront his accusers and cross-examine witnesses and his right to appeal.

██ The trial court properly found that counsel "adequately advised and adequately represented him" and that "he was satisfied with the attorney of record".

## II

██ Appellant next contends the failure of the trial court to provide a hearing on his request for mental examination was error. At the evidentiary hearing on his 27.26 motion in October, 1972, appellant's counsel read into evidence appellant's pro se "Motion for Examination" dated November 12, 1970, alleging appellant was not responsible for his criminal conduct "as a result of mental disease or defect" under the provisions of § 552.030. This motion was not accompanied by a plea of not guilty by reason of mental disease or defect nor by written notice of his purpose to rely on such a defense as required by §

552.030(2). Such pleas or notice are conditions precedent to mental examinations under § 552.030 and absent waiver by the state, the issue of mental responsibility should be considered only when presented as required by the statute. State v. Sears, 501 S.W.2d 491 (Mo.App.1973). Appellant's motion did not meet the statutory requirements and the court did not err in failing to order mental examination under the provisions of § 552.030. As stated above, attorney Meyer and appellant discussed the possibility of filing a request for psychiatric examination under § 552.-030. Meyer prepared but did not file the motion he had prepared because he felt it was not justified and appellant would not sanction such action. As Meyer testified, "We really never came to a meeting of the minds on it." Subsequently appellant withdrew his not guilty plea, made no mention of the defense of insanity, entered his plea of guilty and took the benefit of bench probation. If, after consultation with a competent attorney, an accused person intentionally relinquishes a known right or privilege, he is deemed to have waived it. Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). See Anderson v. State, *supra*.

██ Appellant now urges his pro se motion should have been considered under § 552.020 and that the mere filing of the motion put the court on notice of possible mental defect or disease. § 552.020(2) directs the court to order psychiatric examination only when it has reasonable grounds to believe that defendant has mental disease or defect excluding fitness to proceed with the trial. State v. Mares, 486 S.W.2d 215 (Mo.1972). See Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Brizendine v. Swenson, 302 F. Supp. 1011 (W.D.Mo.1969). Under the facts here the trial court did not err in accepting defendant's guilty plea without ordering psychiatric examination. The court had no knowledge of the pro se motion nor any indication from defendant of incompetence to stand trial or insanity as a de-

fense. Appellant's pro se motion under § 552.030 was prepared without the knowledge of his counsel and never mentioned to him. No copy was served upon the circuit attorney and no record or minute entry of filing appears in this transcript to tell us when or how it was filed. The motion, read into evidence at the hearing in 1972, was signed November 12, 1970.

We believe there was no error in the trial court's finding "that there was no evidence of any request for a mental examination". When asked why he made such application, appellant testified as follows:

"Q. Relating to the application for mental examination you made on your own behalf, why did you make such an application?

A. I don't know, it seemed like every time I get an arrest or something like that, it's always been while I've been drinking or after I've been drinking."

Before accepting his guilty plea in December of 1970 the court inquired as to the appellant's mental and physical condition. Appellant explained that he was not using drugs or intoxicating liquors. He belonged to Alcoholics Anonymous and had not used liquor since July of 1970. Appellant had a twelfth-grade education, his mental health was average and his physical health good. He further testified that he was an alcoholic but did not remember whether he had informed his attorney of this fact. No incident occurred at the plea proceeding to cast doubt on his mental capacity or competence to stand trial. Miller v. State, 498 S.W.2d 79, 85[8–12] (Mo.App.1973); State v. Harris, 477 S.W.2d 42, 45 (Mo.1972); State v. Sears, *supra* 501 S.W.2d at 493. The test of competency to stand trial is whether appellant had sufficient ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Brown v. State, 485 S.W.2d 424,

429 (Mo.1972). Appellant clearly demonstrated a rationality and understanding sufficient to meet the test. Appellant finally contends he was never allowed the opportunity to adduce evidence of mental illness. On the contrary, the opportunity was open until his plea of guilty was finally accepted. The order of the trial court denying appellant's 27.26 motion is affirmed.

### III

Finally, appellant contends the trial court erred in revoking his probation without prior notice or hearing contrary to Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Moore v. Stamps, 507 S.W.2d 939 (Mo.App. banc 1974), and Brandt v. Percich, 507 S.W.2d 951 (Mo.App. banc 1974). He asks us to find the trial court denied him the minimal requirements of due process and that we should discharge him from custody by giving retroactive application to the principles announced in *Morrissey*.

This point comes to us on direct appeal from the trial court's refusal to rescind the order revoking appellant's probation and we are confronted with § 549.-141 which provides: "The action of any court in granting, denying, revoking, altering, extending or terminating any order placing a defendant upon probation or parole is not subject to review by any appellate court." As made clear in State v. Madison, 519 S.W.2d 369 (Mo.App.1975), this court is governed by the statute. However, we note, as did the court in *Madison*, that some review in such cases is available but must be by writ of prohibition or by habeas corpus. See also State v. Camden, 514 S.W.2d 181 (Mo. App.1974); Green v. State, 494 S.W.2d 356 (Mo. banc 1973); State ex rel. Douglas v. Buder, 485 S.W.2d 609 (Mo. banc 1972), reversed on other grounds, 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52. The ap-

peal from denial of appellant's motion for vacation of the probation revocation is therefore dismissed without prejudice to appellant's right to seek the proper remedy.

Affirmed in part, dismissed in part.

WEIER, P. J., and DOWD and CLEMENS, JJ., concur.