**James Russell YATES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 36564.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 23, 1975.

James C. Jones, Asst. Public Defender, Charles D. Kitchin, Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Chief Counsel, Crim. Div., Jefferson City, Brendan Ryan, Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Appellant James Russell Yates was originally the defendant below. He moved under Rule 27.26 to set aside his guilty pleas and two concurrent three-year sentences rendered upon two charges of carrying concealed weapons. He now pleads that before he entered those guilty pleas the trial court misled him by assuring him he would not receive a three-year sentence. The trial court held an evidentiary hearing, denied relief, and this appeal followed.

At his arraignment on October 25, 1973 Yates was represented by employed counsel, Mr. Paul H. Doberstein. Yates told counsel and the court he wanted to plead guilty to both charges; he acknowledged he understood his rights to a speedy trial, to a presumption of innocence, to be present at the trial and confront witnesses and to have them cross examined, and his right to refuse to testify; after a recitation of the facts by State's counsel concerning each charge Yates admitted those facts.

To support his allegation that the trial court misled him at his arraignment by stating he would not receive a three-year sentence, appellant Yates relies on an isolated statement by the trial court, completely out of context.

We summarize the court's arraignment questions and Yates' answers concerning punishment: "Q: You understand, in effect, when you plead guilty to both of these charges, it's possible you could go to the penitentiary for ten years, you understand that? A: Yes. Q: Any promises been made to you what will happen if you plead guilty? A: No, sir." The State's counsel then recommended two concurrent three-year sentences. On resumed questioning by the court, Yates declared he was not pleading guilty because of any promise of a three-year sentence. The court then questioned Yates: "Q: I will tell you right now, Mr. Yates, after having some discussion with your attorney that I'm going to talk about later on, I'm not going to follow that recommendation, you understand that? A:

Sir? Q: I'm not going to do what the State has recommended to me. I want you to understand that I'm not going to send you to jail for three years, you understand that? A: Yes, sir. Q: So, that you are not pleading guilty because of any promise of three years or anything like that, is that correct? A: Yes, sir."

The court then discussed with Yates his counsel's proposal that Yates be granted probation in order to join an organization that would give treatment for his narcotics addiction. The trial court put three questions to Yates in which he acknowledged the court was not promising probation, and then: "THE COURT: Mr. Yates, in view of all the matters we have discussed, the fact you could go to the penitentiary for as much as ten years, the fact I'm not promising you the three years the State has recommended, I'm not promising you probation or anything else, do you still wish me to accept your plea of guilty? MR. YATES: Yes, sir." Thereupon, the court deferred sentencing Yates pending a presentence investigation to determine Yates' prospects for successful narcotic treatment. Then came an adverse probation report, completed arraignment, and the two concurrent three-year sentences.

At Yates' evidentiary hearing his former counsel, Mr. Paul Doberstein, a seasoned defense lawyer, testified that before arraignment Yates did not want to go to trial. He advised Yates there would be a recommendation of three years on a guilty plea; that he advised Yates there was a chance of probation, but did not give any assurance of probation; that he informed Yates chances of probation would be good if he received a favorable recommendation from the Board of Probation and Parole. Mr. Doberstein told Yates that if parole was granted it probably would be from a ten-year sentence, and if parole was denied the most he would serve would be three years. (We note that counsel's forecast, conveyed to his client before arraignment, was accurate.)

At the evidentiary hearing Yates testified that before arraignment his lawyer told him "that I had a good chance of making probation but that the Judge wasn't going to give me a slap on the wrist, and I may get ten years, and so he told me to plead guilty, and I pleaded guilty." Nonetheless, Yates testified he relied on the court's statement he would not get a three-year sentence.

After the evidentiary hearing, upon denying the Rule 27.26 motion, the trial court found Yates' pleas of guilty to the two charges were not based upon any confusion resulting from the court's statements and that no prejudice or injustice resulted; that the guilty pleas were intelligently, understandingly and voluntarily made.

A fair reading of the arraignment record and the post-conviction testimony shows us the only reasonable interpretation of the trial court's statements to Yates was: If Yates got a favorable probation report the court could give him a ten-year sentence and might grant parole, but if the probation report was unfavorable the court could sentence him to concurrent three-year terms. Nothing said by the trial court reasonably gave Yates any assurance he would be paroled or that he would receive less than a three-year sentence.

In determining whether a plea of guilty was in fact made voluntarily and with understanding of the nature of the charge, a trial court has the same discretion as when acting as trier of facts, and on appeal the review is limited to a "determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Watson v. State,* 475 S.W.2d 8[1] (Mo.1972) and *Crosswhite v. State,* 426 S.W.2d 67[1] (Mo.1968). The court's conclusions and findings were not clearly erroneous.

The judgment denying appellant's motion is affirmed.

KELLY and STEWART, JJ., concur.