Stanley Cleveland BROWN,
Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 36362.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 12, 1975.

Hayes & Heisler, Daniel B. Hayes, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Timothy J. Verhagen, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Appellant Stanley Cleveland Brown appeals from the denial by the St. Louis County circuit court of his motion to vacate his judgment and sentence under Supreme Court Rule 27.26. On March 10, 1972, appellant pleaded guilty to an amended information charging him of attempting to obtain a controlled substance, schedule III, by deceit, in violation of §§ 195.017(6)(2)(a); 195.170(1), RSMo Supp. 1973.[1] The court suspended the imposition of the sentence and placed appellant on probation for two years. In October, 1973, the court found that appellant had violated a condition of his probation and sentenced him to serve ten years in the custody of the Missouri Department of Corrections.

On January 11, 1974, appellant filed the instant petition claiming that the court erred: (1) in accepting his guilty plea because there was no valid information pending against him at the time of his plea; (2) in failing to inform him of his right to compulsory process for witnesses; (3) in finding that he had intelligently and knowingly waived his right to confront witnesses; (4) in making no attempt to ascertain if the plea was made under the influence of drugs; and (5) in imposing a harsh and unusual sentence. For reasons stated herein, we find no merit to appellant's contentions and accordingly affirm the judgment of the circuit court.

At the time appellant entered his plea of guilty, the state informed the court that desoxyn, the descriptive term used in the information, was the commercial name for methamphetamine hydrochloride, a proscribed drug under schedule II; and orally moved the court for leave to amend the information to include the chemical name. Prior to entering his plea of guilty, appellant stated not only that he had no objections to the amendment, but also he announced to the court that he waived the formal filing of an amended information.

1. All statutory references are to RSMo Supp. 1973 unless otherwise stated.

Briefly thereafter, the state announced to the court, in appellant's and his counsel's presence, that it was unsure of the law on schedule II. After a short recess, the state announced that desoxyn and methamphetamine hydrochloride were proscribed in schedule III rather than schedule II. In this posture, once again the state requested leave of court to amend the information to correctly charge a schedule III violation. After an inquiry by the court as to whether appellant had any objections, leave was granted to the state to make the requested amendment. Once again, appellant pled guilty to attempting to obtain a schedule III controlled substance by deceit and waived the formal filing and reading of the amended information. The effect of the amendment charging a violation under schedule III rather than schedule II was to reduce the amount of punishment that could be assessed by the court.

■ Appellant's claim that he was improperly charged is without merit. Granted desoxyn, the brand name for methamphetamine hydrochloride, is a schedule III violation rather than a schedule II violation as charged in the original information, but the error, if any, was cured by the two amendments because (1) the court granted the state leave to orally amend the information to set forth the proper charge; (2) appellant, although given the opportunity to object, stated he had no objections; (3) appellant, in open court, formally waived the filing and reading of the amended information; and thereafter (4) the court accepted appellant's plea of guilty to the charge as amended.

Since appellant eventually entered his plea of guilty to attempting to obtain a controlled substance proscribed by schedule III, the question thus becomes whether or not the trial court abused its discretion in allowing the two amendments.

The first amendment merely described the proscribed controlled substance contained in the information by adding the chemical name for desoxyn.[2] Appellant's argument that because the trade name "desoxyn" does not appear on the Secretary of State's list, he could not be apprised of the fact that he was guilty of an offense is unavailing. In *State v. Scarlett*, 486 S.W.2d 409, 411 (Mo.1972), the court ruled it was not error to use the trade name as long as the possession of the drug in question was prohibited by statute and defined the drug in the statute to include the chemical name. See also *State v. Stavricos*, 506 S.W.2d 51, 55 (Mo.App.1974), in which defendant argued that the information charging him with unlawfully possessing morphine sulphate and pethidine hydrochloride was fatally defective because those two substances were neither listed in the statute nor included on the list of drugs prepared and filed by the division of health per § 195.230. In *Stavricos* the court stated that since the statutory listings included any derivative of opium and salts of pethidine, their listing by the division of health was not required.

■ Besides, § 195.016 provides that controlled substances listed in §§ 195.010 to 195.320 are included by whatever official, common, usual chemical or trade name designated. In our opinion based upon *Scarlett, Stavricos* and § 195.016, no error would have been committed even if the court had refused the requested amendment either to substitute the chemical name or include it additionally as was done in this case. Consequently, since the information charging appellant with an offense under § 195.170 alleged all of the essential facts constituting the offense charged, and nothing of any substance was omitted which could have misled or prejudiced appellant, we find no error either as to permitting the first amendment or proceeding with the guilty plea. Rule 24.02; *State v. Aston*, 412 S.W.2d 175, 182 (Mo.1967); *State v. Fleming*, 518 S.W.2d 449, 451 (Mo.App.1975).

■ Likewise, we find no merit to appellant's attack upon the second amendment.

---

**2.** See Blakeston's New Gould Medical Dictionary, Second Edition (1956) p. 334.

Not only because appellant failed to object and waived the formal reading of the corrected information, but also, and more important, because Rule 24.02 authorized a court in its discretion to permit an amendment to an information at any time before verdict if the requested amendment neither charges an additional offense nor prejudices any substantial rights of a defendant. Appellant neither apprises us as to how or why he is prejudiced, nor do we find that an additional or different offense was charged. Here appellant throughout the entire proceedings was charged with the same offense, i. e., attempting to obtain a controlled substance by deceit. §§ 195.017 and 195.170. Inasmuch as the original information, prior to amendment, charged an offense that carried a more severe penalty, the amendment actually favored appellant by exposing him to a lesser penalty. Thus, appellant was not prejudiced by the amendment, and the finding and judgment of the court were not clearly erroneous. Rule 27.-26(j); *Hall v. State*, 496 S.W.2d 300 (Mo. App.1973).

■ Next, appellant complains that the court neither informed him of his right of compulsory process nor inquired of his drug usage. We find no merit to either complaint. The trial court found that the plea was voluntarily and understandingly made. Our reading of the transcript of the guilty plea proceeding demonstrates beyond any doubt that the court, pursuant to Rule 25.-04, interrogated appellant in fine detail regarding the voluntariness of his plea before the court accepted it. The court also found that it had no knowledge that appellant was a drug user. At the evidentiary hearing, appellant introduced no evidence on this issue other than his bold assertion that the record would so show. It would serve no useful purpose nor have any precedential value to pursue either claim of error any further, since we find that the trial court's findings are not clearly erroneous.

■ Appellant failed to mention in his motion to vacate and set aside judgment any claim that his plea was involuntary because the court failed to reinterrogate him subsequent to the amended information. Therefore, this assignment of error is not before us, since it was not properly preserved for review. *Maggard v. State*, 471 S.W.2d 161 (Mo.1971); *Griffith v. State*, 504 S.W.2d 324 (Mo.App.1974).

■ Finally, the punishment assessed by the court was within the range fixed by the legislature, § 195.270; thus we find no error in this regard.

Judgment affirmed.

SIMEONE, P. J., and GUNN, J., concur.