Robert Jerome McLARTY,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36653.

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 13, 1976.

---

Gael T. Infande, Crouppen, Walther & Zwibelman, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Jay M. Shapiro, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, for respondent.

STEWART, Judge.

Movant appeals from the judgment of the trial court which denied his motion under Rules 27.25 and 27.26 seeking to set aside the judgment convicting him of burglary and to withdraw his plea of guilty.

On April 12, 1973, movant entered a plea of guilty to the charge of burglary in the second degree. At movant's request a presentence report was granted. On May 25, 1973, after receipt of the presentence report

the court sentenced movant to 5 years in the Missouri Department of Corrections.

■ Preliminary to our discussion we wish to direct the attention of the Bar to the limitations placed upon our appellate review of the judgment of the trial court with respect to motions filed in accordance with Rule 27.26. We are limited ". . . to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j). Counsel does not direct us to any findings or conclusions which the trial court made in ruling the motion nor are we told wherein and why it is contended that any of the findings or conclusions are clearly erroneous. See *Turnbough v. State*, 533 S.W.2d 609, St. Louis Court of Appeals, 1975; *Dill v. State*, 525 S.W.2d 437 (Mo.App.1975).

This fault is prevalent in most of the briefs which we receive on appeals from judgments with respect to motions filed under Rule 27.26. These cases are proliferating. We can properly serve the Bar and its clients only if counsel will substantially comply with the rules.

We do not try the motion de novo. We are confined to a determination of whether those findings and conclusions and portions of the judgments of the trial court specifically presented to us in appellant's "Points Relied On" are clearly erroneous.

In the hope that the Bar will now understand the extent of our review and will comply with Rule 84.04(d) within the scope of our review under Rule 27.26 we shall undertake the determination of this appeal in the light of the issues as we perceive them.

The trial court found that the Circuit Attorney made no promise to movant that he would recommend probation; that movant knew that the Circuit Attorney was making no recommendation as to probation; and that movant knew at the time of his plea of guilty that the court was not obligated to place movant on probation. We consider whether these findings are clearly erroneous.

The basis for the court's findings are apparent from both the proceeding at the plea and upon the hearing in the present proceeding.

At the plea hearing the State recommended a sentence of 5 years. Movant informed the court that he was a narcotic addict and asked that the court order a presentence investigation. The court on three occasions asked movant if he understood that if the court ordered the investigation it was making no promise that movant would be placed on probation and put into a drug rehabilitation program. The court also asked if any such promise had been made by anyone else and specifically if Mr. Wynne, his attorney, had made such a promise. After receiving negative answers to each inquiry the court deferred sentencing until it could obtain the presentence report.

A little over a month later, with the presentence investigation before him showing five prior convictions, the court sentenced movant.

At the hearing on this motion movant testified that his attorney, Mr. Wynne, told him that his plea of "guilty to probation" was looking good, that he would talk to the Circuit Attorney. His attorney told him everything was all right, "that we plead guilty to probation to Archway House."

Mr. Wynne testified that he tried to get movant into a drug rehabilitation program and discussed the matter with him. He made no promises regarding the disposition that the court would make. He talked to the Circuit Attorney but the only recommendation which he would make was 5 years. Mr. Wynne advised his client of the recommendation of the Circuit Attorney.

 The burden was upon movant to prove the allegations of his motion by a preponderance of the evidence. *Crews v. State*, 510 S.W.2d 425 (Mo.1974). The credibility of the witnesses was for the trial court. *Quinn v. State*, 515 S.W.2d 603 (Mo. App.1974). Considering the circumstances at the plea and the testimony at the hearing we are in no position to say that the

findings of the trial court were clearly erroneous.

In the midst of the hearing on this motion movant was granted leave to amend his motion to include as an additional ground for relief the following:

". . . 8(b) The Court failed to hold a hearing prior to finding that the petitioner had a prior record of criminal convictions and unlawfully required the defendant to admit such prior record and therefore, incriminating himself prior to sentencing, contrary to the intent of an adversary proceeding."

At the plea the court inquired of movant's familiarity with the proceedings because he had been through the process before.

The court's finding on this issue was:

"The movant, under questioning of the Court, admitted the allegation as to the prior conviction of operating a motor vehicle without the owner's consent. This was not elicited to prove the prior conviction but to establish that movant was familiar with court proceedings and in fact had undergone a previous jury trial."

And the court concluded:

"2. The movant having voluntarily entered a plea of guilty, whether or not movant admitted a prior conviction was of no legal consequence as the only effect of pleading and proving a prior conviction is to bestow upon the Court rather than the jury the power to assess punishment. This the Court must do on a plea of guilty regardless of any prior conviction."

Movant's point reads:

"Movant's guilty plea must be vacated because the court erred when it made a finding regarding movant's prior convictions without a hearing as mandated by R.S.Mo. Section 556.280, V.A.M.S. (1969)."

 Movant does not address his point nor argument to the findings and conclusions of the court. This court has previously held that § 556.280(2) is applicable only to jury tried cases. *State v. Lang*, 491 S.W.2d 12, 17 (Mo.App.1973). The court may and should take into consideration the

movant's prior criminal history when imposing sentence. *State v. Armstrong*, 433 S.W.2d 270, 272[5] (Mo.1968). In this case movant requested and was granted a presentence investigation and report which is required to contain among other things "any prior criminal record of the defendant". Rule 27.07(b). We find no merit in any contention with respect to this incident.

In conclusion movant contends that his plea was not voluntary because he was "instructed by his counsel to answer any questions asked him by the Court in such a manner as to insure that his guilty plea would be accepted without regard to the truth of his answers."

This was not a matter presented to the court in the motion and was not ruled upon by the court and is thus not before us for review. *Maggard v. State*, 471 S.W.2d 161, 162[1] (Mo.1971).

The findings, conclusions and judgment of the trial court were not clearly erroneous. The judgment is affirmed.

CLEMENS, P. J., and KELLY, J., concur.