**Willis L. SEARS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 28027.**

Missouri Court of Appeals,
Kansas City District.

May 3, 1976.

**924**

Gerald Kiser, Public Defender, Seventh Judicial Circuit, Liberty, for appellant.

John C. Danforth, Atty. Gen., Douglas Mooney, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from denial, without hearing, of motion under Rule 27.26 to set aside judgment of conviction and sentence of 12 years' imprisonment on jury verdict finding Willis L. Sears guilty of robbery in the first degree. The conviction was affirmed on an earlier direct appeal in this court. *State v. Sears*, 501 S.W.2d 491 (Mo.App.1973).

**I.**

**Validity of Information**

The information on which appellant was tried and found guilty reads as follows:

"* * * [O]n or about the 24th day of September, A.D., 1971, at the County of Clay, in the State of Missouri, one Willis L. Sears did then and there wilfully and feloniously make an assault in the presence, upon and against the person of Stuart Cleo Masten by violence, to-wit: by striking the person of Stuart Cleo Masten thereby putting the said Stuart Cleo Masten in fear of some immediate injury to his person and Willis L. Sears did then and there, unlawfully and feloniously, steal, take and carry away lawful money of the United States, to-wit: approximately $300.00 from the person of Stuart Cleo Masten, the property of Stuart Cleo Masten, without consent of the owner, thereby depriving the owner of the use thereof, against the peace and dignity of the State."

Appellant contends that the information does not charge robbery in the first degree. He contends that it only charges conjunctively an assault and stealing from the person and fails to charge robbery in the first degree because it contains no allegation that the property was taken "by fear of injury or by force."

■ On a collateral attack such as here involved, an information is not to be held bad "unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *Cain v. United States*, 349 F.2d 870, 872 (8th Cir. 1965), quoted in *DeLuca v. State*, 465 S.W.2d 609, 611 (Mo.1971). Here the information alleges the use of force against the owner of property, his being put in fear, and the taking of his property. The reasonable construction of the information is that it charges robbery in the first degree. Admittedly, the information does not

contain some of the language usually found in information charging such offense, but such omissions are not fatal to the charge on collateral attack. *Hodges v. State*, 462 S.W.2d 786, 789[2] (Mo.1971). The charge laid is sufficiently definite to preclude another prosecution for the same offense. *Tucker v. Kaiser*, 176 S.W.2d 622, 624[3] (Mo. banc 1944); *DeLuca v. State*, supra; *O'Neal v. State*, 486 S.W.2d 206, 207[1] (Mo. 1972).

Neither of the cases cited by appellant calls for a different conclusion as to the sufficiency of the charge. In *State v. Reed*, 412 S.W.2d 187 (Mo.1967), a charge of robbery in the language of the statute was held sufficient. That case is not authority for holding bad an information not in the language of the statute. *State v. Burks*, 159 Mo. 568, 60 S.W. 1100 (Mo.1901), involved a conviction for grand larceny on an information charging only embezzlement.

The trial court's conclusion that the information charged the offense for which appellant was convicted has not been shown to have been clearly erroneous. Rule 27.-26(j).

## II.

### Adequate Assistance of Counsel

■ Appellant's motion alleged that he was denied effective assistance of counsel because his trial counsel "failed to secure records or subpoena expert witnesses at the hearing on his motion for mental examination." The motion states that counsel "failed to secure the records of Movant's past mental examinations or to subpoena the doctors who would of gave testimony upon Movant's motion for mental examination that he was not responsible for his criminal acts as a result of mental disease." The names of no witnesses were stated, the motion asserting merely that he would "present evidence to fully support [the] ground * * *, including all records of the Court."

Before his trial, appellant's counsel did file a motion for mental examination alleg-ing lack of capacity to understand the proceedings and to assist in his defense and also that defendant might have a mental disease or defect which would have excluded responsibility for his conduct. A hearing was held on the motion at which appellant was the sole witness. The testimony is summarized in *State v. Sears*, supra, and led the court to conclude: "The testimony of appellant rather positively established that he in fact possessed the capacity to proceed with trial." 501 S.W.2d 493.

Under § 552.020 and § 552.030, RSMo 1969, that was the only issue actually before the court on the motion for mental examination. Although the motion did refer to lack of responsibility, as pointed out in the prior appeal, no step was taken to place that issue properly in the case, in accordance with § 552.030.

Thus, capacity to proceed was the only matter properly before the court and the transcript of the hearing on the motion demonstrated positively movant's ability to stand trial. Therefore, the conclusion of the trial court on this motion that the allegation of ineffective assistance of counsel by reason of failure to produce testimony and reports relative to appellant's mental state at some prior time did not give rise to a factual issue was not clearly erroneous.

## III.

### Denial of Continuance for Mental Examination

### Duty of Trial Court to Order Mental Examination

■ Appellant asserts as due process violation under federal and state constitutional provisions the failure of the trial court to grant his request for continuance for a mental examination, and the failure of the trial court, sua sponte, to order a mental examination.

The trial court on these issues held that the decision on the prior appeal was conclusive. In that case, the court held that the failure to comply with the procedural requirements of § 552.030 eliminated any issue of mental responsibility from the case.

The reassertion of that issue on a constitutional basis in the 27.26 motion did not require the court to reconsider the question. *Crawford v. State*, 436 S.W.2d 632 (Mo. 1969); *Davis v. State*, 482 S.W.2d 468, 470[1, 2] (Mo.1972).

 As for the requirement that the trial court have directed a mental examination, sua sponte, the federal authorities relied upon by appellant (*Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975)) do require that a court take such action in a criminal case when the conduct of the defendant at and during the trial is such as to put the court on notice that a genuine question exists as to the ability of the defendant to stand trial. Here the trial court heard appellant on that issue and the result was positive evidence of capacity to stand trial. No untoward events occurred during the trial which would have called for further inquiry. This fact distinguishes this case from *Pate v. Robinson* and *Drope v. Missouri*, supra.

Again the trial court's conclusions on these allegations were not clearly erroneous.

Judgment affirmed.

All concur.