Johnny TRICE, Movant,

v.

STATE of Missouri, Respondent.

No. 37730.

Missouri Court of Appeals, St. Louis District, Division Three.

Aug. 17, 1976.

Susman, Schermer, Willer & Rimmel, Leonard Komen, St. Louis, for movant.

John C. Danforth, Preston Dean, Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

GUNN, Judge.

Movant pleaded guilty to first degree murder. He subsequently filed a Rule 27.26 motion to set aside the guilty plea, claiming that ineffective assistance of counsel rendered his plea involuntary. After extensive hearing, the trial court denied movant's motion and he has appealed.

On appeal, movant raises the single issue that the assistance of his trial counsel was ineffective for the reason that his counsel failed to advise him of his right to challenge the psychiatric report declaring movant sane at the time of the commission of the murder and competent to proceed to trial.[1] Movant contends that his co-counsel ordered a psychiatric examination but failed to pursue a challenge to the medical report; that as a consequence movant received ineffective assistance of counsel and his ultimate plea of guilty was not knowingly or voluntarily made. Movant's contention in the illumination of the circumstances is chimerical.[2]

Movant murdered a drugstore proprietor in the course of a robbery. He was charged with first degree murder and represented by two counsel. After conferring, investigating and reviewing the evidence, movant's counsel had a presentiment that prospects for successful defense were not sanguinary—a sentience concurred in by movant. The ploy of strategy decided upon was to seek a psychiatric examination for movant, hopefully to establish his mental incompetency to stand trial. Such an examination was ordered and given, with the results inimical to movant's best interests. After the disquieting results of the examination, the movant was daunted and of the opinion that the gas chamber was ineluctable.[3] Although movant's counsel sought a second mental examination, before it was taken, movant pleaded guilty to murder first degree. Although movant contends that his counsel did not advise him he could challenge the mental examination or pursue a further examination, the record shows otherwise.[4] Movant's trial counsel, after reviewing the report, were also convinced of movant's competency to stand trial and of the fact that a plea of guilty was knowingly and voluntarily made. It is also manifest that movant's trial counsel did not coerce movant into pleading guilty but only laid the alternatives before him.

■ The 27.26 record further indicates that movant palpably knew what he was doing when he pleaded guilty, for his plan was to escape from losing his life.[5] At the Rule 27.26 hearing, movant reasserted that his initial plea was knowingly and voluntarily made, and his attack in this appeal is thus too feeble to succeed:

"Q. . . . Didn't you know what you were doing when you pleaded guilty?

A. [movant] When I said that I was afraid I would lose my life I had no other alternative but to plead guilty in order to stay alive so I guess you would say yes, I knew what I was doing so I guess you would say that.

---

1. See *Boyer v. State,* 527 S.W.2d 432 (Mo.App. 1975), for a discussion of psychiatric examination anent insanity at the time of the criminal act and competency to stand trial.

2. Movant's appeal counsel, in view of the record, had naught to do but pursue such an approach.

3. Movant's plea was in 1970—pre-*Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, rehearing den. 409 U.S. 902, 93 S.Ct. 89, 34 L.Ed.2d 163, 164 (1972).

4. "Q. [movant's 27.26 counsel] Did you discuss with Mr. Trice whether or not he could challenge this report and seek additional examinations or have a hearing on the matter?

A. [movant's trial counsel] We—the answer to that whole question is yes as a whole. We—and in fact we did file for a motion for a second psychiatric examination."

5. Fear of death penalty does not vitiate a guilty plea. *Johnson v. State,* 519 S.W.2d 731 (Mo. App.1975).

Q. When you stood there and told and pleaded guilty you knew you were pleading guilty, did you not?

A. I guess you could say that.

Q. Well, what did you think you were doing?

A. Pleading guilty.

\* \* \* \* \* \*

Q. One thing, Mr. Trice. When it came to deciding to plead guilty your're the one that made that decision, did you not?

A. That's correct."

There are numerous reasons for affirming the trial court's ruling against movant's 27.26 motion that he received ineffective assistance of counsel:

 1) While movant stated that he was not advised that he could challenge the psychiatric report or that his counsel did not pursue an additional report, the trial counsel's testimony refutes this contention. The credibility of the witnesses is left for the trial court's determination. *McLarty v. State,* 536 S.W.2d 173 (Mo.App.1976); *Dean v. State,* 535 S.W.2d 301 (Mo.App.1976). The trial court was not in error in believing movant's trial counsel.

2) "Since the results of the examination indicated movant to be mentally competent, counsel chose not to contest the report and decided to advise his client to plead guilty. There is no indication that counsel doubted either defendant's competency or the validity of the report. *While movant urges that counsel should have challenged the report, no such duty is imposed on a defense attorney.*" *Shubert v. State,* 518 S.W.2d 326, 328 (Mo.App.1975), (emphasis added).

 3) Movant's counsel was under no duty to advise movant of all his rights upon a plea of guilty, nor is counsel under a duty to advise his client of his right to challenge a psychiatric examination, particularly under the circumstances of this case. Therefore, even had movant's counsel not advised him of his right to challenge the psychiatric examination report—which they in fact did—such failure would not have been ineffective assistance of counsel. See *Baker v.*

*State,* 524 S.W.2d 144 (Mo.App.1975); *Shubert v. State,* supra.

 4) The record is clear from the interrogation of the movant at the 27.26 hearing that his plea of guilty was knowingly and voluntarily made and that movant was acutely aware of his action; hence, challenge to the mental competency report would be unavailing, and no basis existed to assert incompetency of counsel for failure to challenge the report or pursue another. The trial court's finding that movant was mentally competent to plead guilty was thereby not clearly erroneous. *Sears v. State,* 536 S.W.2d 923 (Mo.App.1976); *Clay v. State,* 532 S.W.2d 216 (Mo.App.1975); *Brown v. State,* 530 S.W.2d 56 (Mo.App. 1975); *Yates v. State,* 528 S.W.2d 168 (Mo. App.1975); *Parsons v. State,* 528 S.W.2d 162 (Mo.App.1975); *Boyer v. State,* supra.

 5) Through the efforts of movant's trial counsel, movant was given a mental examination which showed him competent to stand trial. The failure of movant's counsel to proceed further on this line of attack was not dereliction of duty where the evidence on the question was persuasive that movant was competent to proceed. *Davis v. State,* 517 S.W.2d 97 (Mo.1974).

Movant has failed in his essential proof by a preponderance of evidence that there was a manifest injustice in failing to set aside his guilty plea in this case. *Bonner v. State,* 535 S.W.2d 297 (Mo.App.1976).

The judgment is affirmed.

SIMEONE, P. J., and KELLY, J., concur.